Richard L. Rosenthal,
Plaintiff,

*vs.*

Burry Biscuit Corporation, a Delaware Corporation
and George W. Burry,
Defendants.

Pauline P. Martin,
Plaintiff,

*vs.*

Burry Biscuit Corporation, a Delaware Corporation
and George W. Burry,
Defendants.

*New Castle, March 29, 1949.*[1]

1. As originally filed, this was an unreported letter opinion. Because of the great use of this decision over the years, I have determined to report it officially with a few slight modifications.

*Arthur G. Logan,* of Logan, Duffy & Boggs, Wilmington, for plaintiffs Richard L. Rosenthal and Pauline P. Martin.

*John J. Morris, Jr.,* and *Howard L. Williams,* of Hering, Morris, James & Hitchens, Wilmington, for defendants.

SEITZ, Vice Chancellor: The legal preliminaries to the present difficulty are set forth in *Rosenthal v. Burry Biscuit Corporation,* 30 *Del.Ch.* 299, 60 *A.2d* 106.

The problem now presented in both of the above captioned matters is essentially the same. Plaintiffs have moved for judgment on the pleadings in both cases. Defendants, as part of each answer, have set forth that the option which is under attack in these actions has been cancelled. Consequently, for present purposes, I feel that I am entitled to consider that the option has in fact been cancelled. I infer from this fact that the case is moot, and it does not seem to me that a judgment on the pleadings, as prayed for by plaintiffs, should be entered in this type of moot case. I rather believe that the complaints should be dismissed because they relate to a controversy which is now moot.

However, my conclusion is not dispositive of the plaintiffs' application for an attorney's fee. Preliminarily, I believe that in a case of this type the attorney for a successful plaintiff would in the normal course of events become entitled to a fee. See *Holthusen v. Edward G. Budd Mfg. Co., D.C.,* 55 *F.Supp.* 945. I believe it is a necessary corollary to this conclusion that such a plaintiff may not be deprived of a fee by action taken by a defendant which has the effect of curing the alleged wrong and rendering the controversy moot, unless it be demonstrated that the curing of the defect is in nowise related to the lawsuit and the lawsuit would not have succeeded in any event. The difficulty here is that defendants contend that the controversy has been rendered moot *without any concession being made that the* causes of action had any merit.

Obviously, no testimony can be taken to determine the merits *qua* merits of the present controversy because the case is moot. But, it would also seem that this court is entitled to consider whether the motion for judgment on the pleadings would have been granted

had the case not become moot. This would be done not for purposes of determining the merits *qua* merits, but in order to determine whether plaintiffs had commenced meritorious derivative actions entitling their attorney to a fee.

■ Let us look to the pleadings. Defendant's answer to numbered paragraph 1 of the amended complaint in the Rosenthal case and in the Martin case amounts to a denial that plaintiff owned shares at the time alleged. Since we are here considering a motion for judgment on the pleadings made pursuant to *Rule* 12(c), *Del.C.Ann.*, it is obvious that the motion would not be granted. Whether this point could be disposed of under *Rule* 56 on a motion for summary judgment, I need not now decide.

■ The allegations of paragraph 5 of the answer in the Rosenthal case to the effect that the option was granted as an inducement to Burry to remain with the corporation beyond the period covered by his employment contract and as an added incentive to him in his efforts on behalf of the corporation cannot be brushed aside. I say this because my opinion on the motion to dismiss, 30 *Del.Ch.* 299, 60 *A.2d* 106, did not preclude the defendant from showing that the corporation received tangible benefit in return for the granting of the option. Conceivably, these inducing factors, if proved to be of substantial weight, could constitute consideration when considered in connection with other factors. The stated purpose in the resolution evidencing a mere desire to increase Burry's investment would not be sufficient. However, a motion for judgment on the pleadings could not have been granted on this state of the pleadings.

■ ■ Thus, we are still left without being able to ascertain whether each plaintiff instituted a meritorious cause of action in order to determine whether their attorney is entitled to a fee. I, therefore, feel that testimony will have to be taken to determine whether or not plaintiffs commenced meritorious causes of action. I pause to reiterate that these steps will be necessary, not for the purpose of determining the merits of the controversy *qua* merits, but in order to determine whether plaintiffs' attorney is entitled to compensation on the theory of benefit to the corporation. If it is ultimately demonstrated that the plaintiffs filed meritorious suits, then the fact that the beneficiary of

the option saw fit to consent to have the option cancelled—no matter for what reason—cannot defeat the right of plaintiffs' attorney to be compensated for services rendered up to the time of the cancellation.

██ ██ If it be demonstrated that the cancellation was induced by the litigation, that is but an additional factor in determining the amount of the attorney's fee. Where, as here, the matter has been rendered moot by the action of the defendants, I think it reasonable to impose on the defendants the burden of showing that the cancellation was not in any way occasioned by the existence of the lawsuit. I hasten to emphasize that even if such a burden is sustained, the plaintiffs' attorney would still be entitled to a fee if it is shown that the cause of action was meritorious.

Unless this matter can be otherwise disposed of, orders will be entered denying the motion for judgment on the pleadings and fixing a time for hearing testimony and argument on the right of plaintiffs' attorney to a fee in the light of the considerations mentioned herein.