**McDONNELL DOUGLAS CORPORATION,**
Defendant Below, Appellant,

v.

**David M. PALLEY, Plaintiff Below,**
**Appellee.**

Supreme Court of Delaware.

May 25, 1973.

Richard F. Corroon of Potter, Anderson & Corroon, Wilmington, for defendant below, appellant.

Irving Morris and Joseph A. Rosenthal of Cohen, Morris & Rosenthal, Wilming-

ton, and Nathan B. Kogan, New York City, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

·HERRMANN, Justice:

In this stockholder's derivative action brought on behalf of Hycon Mfg. Company (hereinafter "Hycon"), the defendant McDonnell Douglas Corporation (hereinafter "McDonnell") appeals from an allowance against it of counsel fees and legal expenses to the plaintiff stockholder. The issue is not the amount of the allowance but its propriety under the facts and circumstances of this case. A basic circumstance is that the suit became moot by reason of subsequent action taken by McDonnell.

The facts are set forth at length in the Opinion below. See Del.Ch., 295 A.2d 762. Reference is made thereto for the sake of brevity.

### I.

McDonnell contends that the allowance was error because neither the cancellation of the Second Preferred Stock, on the merger of Hycon into Actron Industries, Inc., the wholly owned subsidiary of McDonnell, nor the failure of McDonnell prior thereto to convert the Preferred into Common Stock, conferred a "specific and substantial" benefit on Hycon sufficient to warrant this allowance of fees and expenses. In support, the defendant cites Gottlieb v. Heyden Chemical Corp., 34 Del.Ch. 436, 105 A.2d 461 (1954), Chrysler Corporation v. Dann, Del.Supr., 223 A.2d 384 (1966), Richman v. DeVal Aerodynamics, 40 Del.Ch. 548, 185 A.2d 884 (1962). McDonnell contends that the Court below failed to address itself to the question of compensable benefit to Hycon and its stockholders. The thrust of McDonnell's argument, it appears, is that the demonstration of a monetary benefit to Hycon and its stockholders is essential to the allowance made here.

It is obvious, we think, that the Court below did consider the requisite element of compensable benefit. After stating its conclusion that application of the "intrinsic fairness" test [Sinclair Oil Corporation v. Levien, Del.Supr., 280 A.2d 717 (1971)] demonstrated a "reasonable likelihood existed that plaintiff would have prevailed" if the defendant's ultimate action had not mooted the case, the Chancery Court stated: 295 A.2d at 767

" * * * And the fact that there is no precise dollar basis for evaluating the benefits gained by the setting aside of the transaction which plaintiff sought to achieve by this action does not mean that the ultimate results of such cause of action were without benefit to the minority stockholders of [Hycon], Mencher v. Sachs, 39 Del.Ch. 366, 164 A.2d 320. Compare Rosenthal v. Burry Biscuit Corporation, 42 Del.Ch. 279, 209 A.2d 459 * * *."

The citation of the *Mencher* case is indicative of the rationale of the Court below. In *Mencher*, the Court held that cancellation of illegally issued stock is "in itself a benefit"; that "[A]lthough the benefit may be difficult of evaluation in dollars and cents, it is still a benefit."

It is apparent that the Court below accepted the plaintiff's contention that the cancellation of the Second Preferred Stock effected the rescission sought by the plaintiff; that, consonant with *Mencher*, such cancellation constituted a compensable benefit. We find no error in this conclusion.

### II.

McDonnell argues that the plaintiff is not entitled to an award of legal fees and expenses because there was no causal connection shown between the pendency of this litigation and the cancellation of the Preferred Stock. It is contended that the plaintiff had the burden of proving such causal connection, citing Chrysler Corporation v. Dann, Del.Supr., 223 A.2d 384 (1966).

As to burden of proof, the mootness tests of Rosenthal v. Burry Biscuit Corporation, 42 Del.Ch. 279, 209 A.2d 459 (1949) and Mintz v. Bohen, Del.Ch., 210 A.2d 569 (1965) apply: where a stockholder's derivative suit has been rendered moot by subsequent action of the defendant, the latter has the burden of showing no causal connection between the two in order to defeat the stockholder's claim for legal fees and expenses.

McDonnell contends that the mootness rule of *Burry Biscuit* was rejected by this Court in *Chrysler*. Such was not intended; indeed, *Burry Biscuit* was cited with approval in *Chrysler*. To clarify any doubt arising from language in *Chrysler*, we hereby expressly approve the mootness rule of *Burry Biscuit*.

Applying the rule here, we find that McDonnell failed to sustain its burden of proving no causal connection between the pendency of this litigation and the cancellation of the Second Preferred Stock.

### III.

McDonnell urges that the plaintiff is not entitled to an award of legal fees and expenses because there is no evidence that the plaintiff had any factual basis for his charges to demonstrate that he had filed a meritorious cause of action. It urges that the plaintiff, in a case of this kind, should have the burden of proving the allegations set forth in his complaint, citing Kahan v. Rosenstiel (3 Cir.) 424 F.2d 161 (1970).

On this point, in the instant case, the Court below stated: 295 A.2d at 767

"[I] am satisfied that application of the intrinsic fairness test * * * leads to the conclusion that prior to the rendering moot of this case a reasonable likelihood existed that plaintiff would have prevailed, at least to some extent, had the case gone to trial * * *."

Obviously, the Court below applied the delineation of a meritorious claim as stated by this Court in *Chrysler*. In that case, this Court held: "To justify an allowance of fees the action in which they are sought must have had merit at the time it was filed"; and, relating to that rule, this Court there stated:

"A claim is meritorious within the meaning of the rule if it can withstand a motion to dismiss on the pleadings if, at the same time, the plaintiff possesses knowledge of provable facts which hold out some reasonable likelihood of ultimate success. It is not necessary that factually there be absolute assurance of ultimate success, but only that there be some reasonable hope."

McDonnell contends in effect that the reasonable-likelihood-of-ultimate-success test of *Chrysler* should not be applied in a mootness case, as here.

We find no valid reason to distinguish mootness cases in the application of the *Chrysler* rule here under review. The policy established by that case was formulated after full consideration of the consequence of the rule upon both defendant corporation and plaintiff stockholder. We decline to limit the rule as stated in *Chrysler*. Accordingly, we find correct the application by the Court below of the "reasonable likelihood" and "reasonable hope" tests of *Chrysler* in determining whether the plaintiff's claim is sufficiently meritorious to warrant an award of legal fees and expenses.

McDonnell extends this argument to the contention that there are no facts in the record to support the Chancery Court's finding that "prior to the rendering moot of this case a reasonable likelihood existed that plaintiff would have prevailed, at least to some extent, had the case gone to trial." In support of this contention, McDonnell provides a careful and extensive analysis of the evidence in the case. The plaintiff, in response, also provides a careful and extensive analysis of the evidence in the case. We do not undertake the lengthy discussion of the evidence which would be re-

quired if any presentation of the two analyses were attempted here. We content ourselves with the statement that we cannot say that the finding and conclusion are not supported by sufficient evidence, or that they are "clearly erroneous and that the doing of justice requires their rejection", or that we disagree with the Trial Court's inferences and deductions. Levitt v. Bouvier, Del.Supr., 287 A.2d 671 (1972).

## IV.

■ Finally, McDonnell contends that the plaintiff is not entitled to an award of fees and expenses because the decision of the California Corporations Commissioner would have barred recovery by the plaintiff on behalf of Hycon in this action, on the ground of collateral estoppel.

This contention was considered carefully and discussed at length by the Trial Court. 295 A.2d at 766–767. We approve the adverse ruling on the point and the supporting reasons there stated.

Accordingly, finding no error, we affirm.