**ALLIED ARTISTS PICTURES CORPO-RATION, Defendant Below, Appellant,**

v.

**John G. BARON, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 17, 1979.

Decided March 13, 1980.

See also, Del.Ch., 337 A.2d 653.

David A. Drexler and Lewis S. Black, Jr. of Morris, Nichols, Arsht & Tunnell, Wilmington, and Robert J. Sisk and Robert F. Herrmann of Hughes, Hubbard & Reed, New York City, of counsel, for defendant-appellant.

Douglas W. Troll and Russell J. Willard of Hastings & Willard, Wilmington, and David Daar and Michael R. Newman of Miller & Daar, Beverly Hills, Cal., of counsel, for plaintiff-appellee.

Before DUFFY, QUILLEN and HORSEY, JJ.

QUILLEN, Justice:

Allied Artists Pictures Corporation (Allied) has appealed from an opinion and order of the Court of Chancery allowing counsel fees and expenses to counsel for plaintiff-appellee Baron, in the amount of $55,155.70, for their efforts in bringing consolidated shareholder's actions on Baron's behalf against Allied. Reference is made to the Vice Chancellor's thorough opinion, *Baron v. Allied Artists Pictures Corp.*, Del. Ch., 395 A.2d 375 (1978), which presents the full factual background of this litigation and carefully treats the legal issues involved in this appeal.[1] We affirm. For the purposes of this appeal, the following facts are most pertinent.

Baron owned ten shares of Allied's common stock when he instituted his consolidated actions in Delaware challenging under 8 *Del.C.* § 225 the 1973 and 1974 elections of directors to Allied's board. The preferred shareholders had elected the directors due to a delinquency in the payment of preferred dividends, and Baron claimed that the board of directors was wrongfully perpetuating its control of the corporation, to the detriment of the common stockholders, by not paying the accumulated dividend arrearages on the preferred stock, and by failing to comply with sinking fund requirements relating to Allied's preferred stock.

Summary judgment was entered against Baron, *Baron v. Allied Artists Pictures Corporation*, Del.Ch., 337 A.2d 653 (1975), who appealed to this Court.[2] In January, 1976, while the appeal was pending, Allied and two other companies merged into a new corporation, Allied Artists of Delaware, Inc. As a result of that merger, the old board of directors was removed. This Court dismissed the appeal from the bench as being moot in September, 1976.

---

1. Counsel for plaintiff applied for $276,800. See the opinion below, 395 A.2d at 383.

2. The decision of the Vice Chancellor was nonetheless subject to the following admonition set forth at 337 A.2d 660:

"It is clear, however, that Allied's present board does have a fiduciary duty to see that the preferred dividends are brought up to date as soon as possible in keeping with prudent business management. * * * It cannot be permitted indefinitely to plough back all profits in future commitments so as to avoid full satisfaction of the rights of the preferred to their dividends and the otherwise normal right of the common stockholders to elect corporate management."

Baron's counsel urged to the Court of Chancery in their motion for allowance of counsel fees and expenses that the other results of the merger, i. e., payment of all preferred dividend arrearages, redemption of all preferred stock (the purpose of the sinking fund), and return of voting rights to Allied's common stockholders, were precisely the relief which Baron's litigation aimed at the elections set out to achieve. Baron's counsel contended, furthermore, that the merger itself was the product of the pressure brought to bear upon Allied by these and other related lawsuits brought in several jurisdictions. Therefore, it was their position that the rule of *Gottlieb v. Heyden Chemical Corp.*, Del.Supr., 105 A.2d 461 (1954), that a losing plaintiff must pay his counsel and bear his own litigation costs, did not apply to their case. Instead, they argued that it was governed by the exception to that rule, which applies when an action is settled or becomes moot prior to a final adjudication on the merits. According to *Rosenthal v. Burry Biscuit Corporation*, Del.Ch., 209 A.2d 459 (1949); *Chrysler Corporation v. Dann*, Del.Supr., 223 A.2d 384 (1966), and *Palley v. McDonnell Company*, Del.Ch., 295 A.2d 762 (1972), aff'd sub nom. *McDonnell Douglas Corporation v. Palley*, Del.Supr., 310 A.2d 635 (1973), plaintiffs' counsel would be entitled to attorneys' fees and costs where: the suit was meritorious when filed; action producing benefit to the corporation was taken by the defendants before a judicial resolution was achieved; and the resulting corporate benefit was causally related to the lawsuit.[3]

Allied challenges the Vice Chancellor's award, relying on what it claims is a crucial distinction between this case and the others from which the exception was formulated. In this case, Allied notes, the mooting event took place after a decision had been reached on the merits, in the form of a summary judgment against Baron, so that only the appeal was mooted, not the underlying cause of action which Baron lost. Therefore Allied claims that the mootness excep-

tion does not apply, and the *Gottlieb* rule should be given effect.

It is true, as appellant argues, that a decision on a motion for summary judgment is a final decision on the merits, which enables the defense of *res judicata* to be raised in subsequent actions between the parties. *Hubicki v. ACF Industries, Inc.*, 3rd Cir., 484 F.2d 519 (1973); 1B Moore's Federal Practice ¶ 0.409[1]. Moreover, given the mooting on appeal, the summary judgment decision is in effect left in full force. But we are not persuaded that the Vice Chancellor's ruling that the appeal status should not affect the standard to be applied is incorrect.

The reason for allowing an award of attorneys' fees to plaintiff's counsel where a defendant corporation takes steps to settle or moot a case and in so doing produces the same or similar benefit sought by the shareholder's litigation is to prevent frustration of the remedial policy of providing professional compensation for such suits when meritorious. This rule insures that, even without a favorable adjudication, counsel will be compensated for the beneficial results they produced, provided that the action was meritorious and had a causal connection to the conferred benefit. *Rosenthal v. Burry Biscuit Corporation, supra*, 209 A.2d at 460–461; *Chrysler Corporation v. Dann, supra*, 223 A.2d at 387; *McDonnell Douglas Corporation v. Palley, supra*, 310 A.2d at 636–637.

Where the action results in a corporate fund being created or supplemented, counsel's recovery may be had out of this fund if their efforts helped produce it. But our law recognizes that a pecuniary benefit to the corporation is not a prerequisite to a fee award to counsel. *Chrysler Corporation v. Dann, supra*, 223 A.2d at 386. We share the Vice Chancellor's view that when the appeal was taken from judgment of the lower court, the contested decision was still under consideration and subject to further

---

3. The *Rosenthal* and *Palley* cases were mooted at the trial court level and the *Dann* case was settled at the trial court level.

judicial scrutiny which could have changed the result. *Baron v. Allied Artists Pictures Corp., supra*, 395 A.2d at 380. Since, at the time of mooting on appeal, the plaintiff's contentions were still capable of producing the effect intended by filing the suit, the fact that plaintiff already suffered an adverse judgment below should not necessarily dispose of the case as a matter of law. Neither the facts, nor the underlying policy, nor the case law which states the requirement that the action be meritorious when filed demands such a result.

Appellant's next contention, that even if this is a mooted shareholder action, the conditions prerequisite to an award of counsel fees have not been met, centers on an analysis of the "meritoriousness" and "causal connection" standards.

The opinions in the above-cited cases have insisted that a settled or mooted action, in order to form the basis for an award to counsel, must have been meritorious when filed. At least one commentator has suggested that as long as there can be shown a causal connection between the suit and the benefit, e. g., the defendant took it seriously enough to want to settle or take mooting action, it should not matter whether the suit had legal merit. Note, *Recovery of Attorneys' Fees on Mooted Claims*, 63 Cornell L.Rev. 880, 887 (1978). But this Court has been concerned with discouraging baseless litigation (see *Chrysler Corporation v. Dann, supra*, 223 A.2d at 386–387) and has adhered to the merit requirement.

The standard for meritoriousness established in *Chrysler* provides:

> "[a] claim is meritorious within the meaning of the rule if it can withstand a motion to dismiss on the pleadings if, at the same time, the plaintiff possesses knowledge of provable facts which hold out some reasonable likelihood of ultimate success. It is not necessary that factually there be absolute assurance of ultimate success, but only that there be some reasonable hope."

223 A.2d at 387. The Court there expressly rejected the defendants' contention that a cause of action must be able to survive a motion for summary judgment in order to satisfy the rule. Thus, under the *Chrysler* standard, the fact that, here the plaintiff lost in the summary judgment proceeding does not prevent an award as a legal matter on the basis of a lack of merit. Indeed, the Vice Chancellor found that plaintiff made a sufficient showing, in accordance with the rule. He found that the plaintiff's claims were meritorious when filed, relying on undisputed fiscal information on Allied's financial condition, the "essential facts" of which "were provable and were within his knowledge at the time his suits were filed." 395 A.2d at 381. The summary judgment did not preclude the Court of Chancery from ruling that, for the purposes of a counsel fee award, the meritoriousness determination should be made with reference to the state of the action at the time of filing.

■ Appellant contends that the proper inquiry before the Vice Chancellor was whether the appeal, rather than the complaint, was meritorious when filed. They submit that it was inconsistent for him to rule against the plaintiff in the summary judgment motion and also in effect rule that the plaintiff had pleaded provable facts which showed that his action had reasonable hope of success. In this connection we reiterate that the pertinent time to make this latter determination is the time of filing. The question of merit for the purposes of compensation is properly determined as of the commencement of the lawsuit and not by developments thereafter which could not have been known in the exercise of reasonable diligence at the time of filing. Thus, although the entry of summary judgment below must inescapably be considered in evaluating not only the merits of plaintiff's appeal, but also, as a practical matter, meritoriousness when filed, it would not be decisive to the threshold determination of merit that concerns us here. Since the purpose and the effect of the appeal were to keep the underlying issues alive and susceptible to an opposite resolution, we think the Vice Chancellor was correct in applying the standard to the original cause of action.

Turning to the requirement that there be a causal connection between the plaintiff's action and the benefit to the corporation, the appellant argues at least the burden of proof should be shifted as a result of the favorable decision in its favor. We conclude that the Vice Chancellor made the correct application of settled Delaware law in ruling that defendant had the burden. The main concern apparent in our cases has been that the party who takes the action that cures the alleged wrong to the corporation's benefit and thereby moots or settles the lawsuit should bear the burden of demonstrating that the lawsuit did not in any way cause their action. *McDonnell Douglas Corp. v. Palley, supra*, 310 A.2d at 637; *Mintz v. Bohen*, Del.Ch., 210 A.2d 569 (1965); *Rosenthal v. Burry Biscuit Corp., supra*, 209 A.2d at 460. While there appears to be first blush merit to grant procedural reward to the defendant for a favorable judgment, such inclination is, in our opinion, outweighed by other factors. It is the defendant, and not the plaintiff, who is in a position to know the reasons, events and decisions leading up to the defendant's action. There is advantage in having a single rule whether such cases are settled or mooted at the trial level or on appeal. To the extent fiduciary factors enter into consideration, it is useful to have at least the disclosure burden lie with the party in a position of trust. On the whole, it seems to us overly technical and unnecessarily expensive to attempt to superficially redress the balance by a shift in the burden of proof to a litigant who usually has no way to ascertain the facts except by asking his adversary.

Turning to the factual and discretionary rulings of the Vice Chancellor, the issue is not one for our independent, *de novo* judgment. The Vice Chancellor specifically found that, "when filed", the suits "had some 'reasonable hope' of being successful", that the defendant "failed to establish" that the "plaintiff's suits" were not related to

"the return of voting power in the new corporate entity to its common stockholders". 395 A.2d at 381.[4] He also carefully weighed the amount of the award. 395 A.2d at 383–384. He was diligent in giving the reasons for all of the decisions and his conclusions will not be disturbed on appeal. *McDonnell Douglas Corporation v. Palley, supra*, 310 A.2d at 637–638; *Levitt v. Bouvier*, Del.Supr., 287 A.2d 671 (1972).

The decision of the Court of Chancery is affirmed.

---

4. The Vice Chancellor particularly noted that "it becomes significant also that no affidavit in opposition to the fee application has been filed by the defendants in which the inference of a causal connection between plaintiff's suits and the decision to enter into the merger is expressly denied." 395 A.2d 382–383.