PRUDENTIAL–BACHE SECURITIES, INC., Sheldon P. Barr, Irene Greenfield,

v.

M.D. MATTHEWS, Richard P. Conerly, Ed. A. Smith, J.A. Edwards, C. Thomas Clagett, Jr., John H. Duncan, Joe H. Foy, Paul R. Haas, John M. Harbert, III, Robert M. Jenny, Robert L. Knauss, Charles A. LeMaistre, M.D., Neil D. Naiden, James V. Walzel, Bryan H. Wimberly, and Houston Natural Gas Corp.

No. H–84–1331.

United States District Court, S.D. Texas, Houston Division.

Jan. 29, 1986.

Richard F. Czaja, Shea & Gould, New York City, for plaintiff Prudential-Bache Securities, Inc.

Thomas T. Hutcheson, Hutcheson & Grundy, Houston, Tex., for Prudential-Bache Securities, Inc.

Terrell Oxford, Susman, Godfrey & McGowan, Houston, Tex., for plaintiff Sheldon P. Barr.

Harvey Greenfield, New York City, for plaintiff Irene Greenfield.

Paul Stallings, Larry Veselka, Vinson & Elkins, Houston, Tex., for individual defendants.

John L. McConn, Butler & Binion, Houston, Tex., for corporate defendant.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

Pending before the Court are (1) Plaintiff Prudential-Bache Securities' Motion for Voluntary Dismissal and for an Award of Attorneys' Fees, (2) Plaintiff Barr's Application for an Award of Attorneys' Fees and Reimbursement of Expenses, (3) Plaintiff

Greenfield's Application for an Award of Attorneys' Fees and Reimbursement of Expenses, and (4) Defendants' Motion to Dismiss With Prejudice.

## I.

### Background

Three shareholder's derivative actions were brought in 1984 against Houston Natural Gas Corporation and the individuals serving on the corporation's Board of Directors. The derivative actions were consolidated into one cause of action before this Court. The plaintiffs sued for damages on behalf of Houston Natural Gas Corporation for alleged breaches of the directors' fiduciary duty in connection with their handling of a hostile, partial tender offer for control of Houston Natural Gas Corporation by The Coastal Corporation and for subsequent decisions of the Board regarding the restructuring of the corporation by sales of diverse businesses, repurchases of stock, and decisions made respecting whether and when to sell or merge the corporation.

On May 2, 1985, Houston Natural Gas Corporation entered into an Agreement and Plan of Merger with InterNorth, Inc. Pursuant to that agreement Houston Natural Gas Corporation was merged with InterNorth, Inc. and became a wholly-owned subsidiary of InterNorth. By virtue of the agreement InterNorth made a tender offer at $70/share for all outstanding shares of Houston Natural Gas corporation and then paid the same consideration for all remaining shares in a merger. The Agreement and Plan of Merger was approved on July 15, 1985 by holders of over 96% of the outstanding shares of common stock of Houston Natural Gas Corporation.

## II.

### Contentions of the Parties

Plaintiffs contend that disregarding the best interests of the shareholders of Houston Natural Gas Corporation and solely for the purpose of perpetuating their management positions and control, defendants wasted corporate assets in resisting and wrongfully discouraging attempts by other corporations to acquire Houston Natural Gas Corporation. The plaintiffs further contend that their claims have become moot because (1) Defendant M.D. Matthews, Houston Natural Gas Corporation's Chairman of the Board and Chief Executive Officer was removed from office, (2) the standstill agreements which had allegedly not been publicly disclosed and which had not been ratified by the Board of Directors, were publicly disclosed and subsequently ratified by the Board after the commencement of the action at bar and (3) the Board of Directors endorsed a tender offer by InterNorth, Inc. a signatory to a standstill agreement, to acquire all outstanding shares of Houston Natural Gas Corporation at a price which represented a substantial premium over the market price of the stock, and which was overwhelmingly accepted by Houston Natural Gas Corporation shareholders.

Plaintiff Prudential-Bache urges that the Court enter an Order which would voluntarily dismiss the instant action without prejudice. All of the plaintiffs urge that the Court award attorneys' fees consistent with the application, affidavits, and accompanying memoranda filed in support of the award of attorneys' fees.

The defendants do not oppose the dismissal of the action at bar, as is evident from the defendants' own Motion to Dismiss with Prejudice. However, the defendants oppose the plaintiff Prudential-Bache's Motion to Voluntarily Dismiss *without* prejudice and the defendants vigorously oppose the request of each plaintiff for attorneys' fees.

## III.

### Dismissal of the Instant Suit

#### A. Rule 23.1 Standing Requirements

█ The purpose of a derivative action is to afford a means by which a stockholder, powerless to bring a direct civil action at law against faithless directors and managers, may seek to vindicate corporate rights

that the corporation itself has refused to enforce. *Schilling v. Belcher*, 582 F.2d 995, 1001 (5th Cir.1978). Standing to bring a derivative action arises from the proprietary interest created by the stockholder relationship and the possible indirect benefits the nominal plaintiff may acquire *qua* stockholder of the corporation which is the real party in interest. *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 735–36 (3rd Cir.1970), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971).

Rule 23.1 Federal Rules of Civil Procedure requires a derivative plaintiff to be a shareholder in the corporation on behalf of which he/she sues. The decisions of the Fifth Circuit require that plaintiffs suing in a derivative action maintain their status as shareholders throughout the pendency of the action. In *Lewis v. Knutson*, 699 F.2d 230, 238 (5th Cir.1983) the court ruled that in order to satisfy the requirements of Rule 23.1 the derivative plaintiff must demonstrate that he/she (1) owned stock in the corporation at the time of the transaction of which he/she complains, (2) continued to own stock at the time of the bringing of the suit, and (3) maintained status as a stockholder during the ensuing prosecution of the derivative suit. *Lewis v. Kutson, id.*, at 238, *citing Schilling v. Belcher*, 582 F.2d at 999.

Texas law mandates that a derivative plaintiff maintain status as a shareholder. In *Zauber v. Murray Savings Association*, 591 S.W.2d 932, 937–38 (Tex.Civ.App.—Dallas 1980), writ ref'd n.r.e., 601 S.W.2d 940 (Tex.1980), the court held that plaintiffs *voluntarily* losing their shareholder status also lose standing as derivative plaintiffs. The defendants assert that both Prudential-Bache Securities, Inc. and Sheldon Barr *voluntarily* lost their shareholder status when they either tendered their stock or sold their stock in the open market. Although the defendants concede that plaintiff Greenfield may have had her shares *involuntarily* converted to a right to receive cash, they urge that Greenfield does not fall within the exception enunciated by the *Zauber* court for a plaintiff who loses

his/her shareholder status as the result of a transfer having no valid business purpose. The *Zauber* holding allows such a shareholder to maintain standing as a shareholder for derivative action purposes. The defendants submit that since no plaintiff claims that the Houston/InterNorth merger is not supported by a valid business purpose Greenfield cannot now contend that she falls within the ambit of the *Zauber* exception. Therefore, the defendants urge the Court to dismiss the action at bar as to all three plaintiffs for their failure to maintain status as shareholders throughout the pendency of their derivative actions as required by Rule 23.1 and supporting case law.

### B. Notice Requirements Under Rule 23.1

Rule 23.1 requires that shareholders be given notice of a proposed dismissal of the derivative action. Unless the shareholders are given notice, the dismissal must be without prejudice. *Lewis v. Knutson, supra* at 240. However, when shareholders are given notice and the opportunity to prosecute their interests, the dismissal with prejudice will not interfere with their rights. *See* 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1840 (1972). Settled law holds that the dismissal with prejudice protects the interests of the corporation by terminating the action, while notice protects the interests of the shareholders. *Papilsky v. Berndt*, 466 F.2d 251 (2d Cir.), *cert. denied*, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972).

The defendants in the action *sub judice* contend that if the Court dismisses the instant suit, no further notice to shareholders is required. Defendants further contend the only remaining shareholder is Houston Natural Gas Corporation/InterNorth, Inc., and that it has actual knowledge of the actions and the pending motions and supports a dismissal with prejudice. Defendants filed an Affidavit of Richard D. Kinder in support of their Motion to Dismiss With Prejudice, stating the notice requirements have been fulfilled. Moreover, at the motion conference held on

November 18, 1985, before this Court, counsel for all plaintiffs and counsel for defendants requested that the instant suit be dismissed with prejudice.

For the reasons stated hereinabove, the Court orders that the Plaintiffs' Motion for Voluntary Dismissal be granted and that the Defendants' Motion to Dismiss With Prejudice be granted.

### IV.

### Award of Attorneys' Fees

An important policy consideration justifies the well-established practice of awarding costs and attorneys' fees to successful plaintiffs in shareholder derivative suits. The reimbursement of expenses by a court to a plaintiff in a shareholder derivative action encourages meritorious derivative suits by the shareholder. *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970).

The Texas Business Corporation Act, Article 5.14 controls shareholders derivative actions. The Comment of Bar Committee Report of 1973 states: A winning plaintiff is entitled to attorney's fees and expenses under common law and equitable principles which the Committee feels require no codification in the Act. In other words, although the Texas Business Corporation Act does *not* expressly authorize the grant of attorneys' fees in a shareholder derivative action, Texas common law and equitable principles justify an award of attorneys' fees in a case such as the case at bar.

### A. Benefit To Shareholders Or The Corporation

■ Where a derivative suit has conferred substantial benefits to a corporation and its shareholders, plaintiff can recover attorney fees and expenses from the corporation. *Mills v. Electric Auto-Lite Co.*, *supra* at 391–95, 90 S.Ct. at 625–27; *Lewis v. Anderson*, 692 F.2d 1267, 1270 (9th Cir.1982); *Barton v. Drummond Co.*, 636 F.2d 978, 985 (5th Cir.1981); *Adler v. Brooks*, 375 S.W.2d 544, 547 (Tex.Civ.App. —Tyler, writ ref. n.r.e. 1964).

In cases analogous to the instant action, courts have awarded attorneys' fees to the derivative plaintiffs where defendants have taken steps to moot the plaintiffs' claims. *Lewis v. Anderson, supra* at 1267. The *Lewis* court in awarding a grant of attorneys' fees to the derivative plaintiff ruled that it was irrelevant that no determination on the merits had been made.

It is well settled that the "American Rule" prohibits the award of attorneys' fees in the absence of a specific statutory or contractual provision; however, Fifth Circuit holdings recognize the "common benefit" or "common fund" equitable doctrine which allows for the assessment of attorneys' fees against a common fund created by the attorney's efforts. *Barton v. Drummond, supra* at 982, *citing Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980). The *Barton* court approved of the "common benefit" exception in the grant of attorney fees where the defendants-appellees submitted that the trial court was correct in declining the award of attorney fees in the absence of a determination that a benefit had been conferred on the corporation or any of its shareholders. *Barton v. Drummond, supra* at 983.

The *Barton* ruling cited with approval the United States Supreme Court decision in *Mills v. Electric Auto-Lite Company, supra,* where the Court held that stockholders were entitled to attorneys' fees for having established a violation of the securities laws by their corporation, it being unnecessary to show a pecuniary benefit to their corporation or fellow stockholders.

In several other cases, courts have awarded fees where the derivative plaintiff accomplished the goals of his litigation through mooting actions by defendants. *Altman v. Central of Georgia Railway Co.*, 540 F.2d 1105 (D.C.1976) (defendant mooted plaintiffs' claims by reversing its position of withholding dividends by declaring dividends); *McDonnell Douglas Corp. v. Palley*, 310 A.2d 635 (Del.1973) (plaintiff's claim for rescission of the sale of

preferred stock mooted due to the cancellation of the preferred stock).

### B. Burden of Proof

Causation is the crucial link upon which any equitable award of attorneys' fees must be based. *Barton v. Drummond, supra* at 983. In the instant action, the plaintiffs' litigation must have in some way benefited the corporation and its shareholders.

■ The defendants assert that the plaintiffs in the action at bar have the burden of proof as to causation. The defendants further assert that the derivative plaintiffs in the action *sub judice* have wholly failed to meet their burden of proof. The Court cannot accept the defendants' argument in view of the Fifth Circuit decision in *Barton v. Drummond, supra* at 984–985, wherein the court expressly approved of the mootness test as follows:

> Where a stockholder's derivative suit has been rendered moot by subsequent action of the defendant, the latter has the burden of showing no causal connection between the two in order to defeat the stockholder's claim for legal fees and expenses.

The *Barton* court analyzed the burden of proof issue under the Delaware mootness test announced in *McDonnell Douglas Corporation v. Palley*, 310 A.2d 635 (Del. 1973) and *Rosenthal v. Burry Biscuit*, 42 Del.Ch. 279, 209 A.2d 459 (1949).

In the instant action, an equitable award of attorneys' fees and expenses must be analyzed under the principles enunciated by the *Barton* court. It is undisputed by any of the parties that the actions by the derivative plaintiffs were rendered moot as the result of the merger of the corporation. Therefore, the mootness test and the applicable burden of proof announced by the Fifth Circuit in *Barton* would determine the validity of a grant of attorneys' fees and expenses to the derivative plaintiffs.

The Court finds that the defendants in the action at bar have failed to meet their burden of proving that there existed no causal connection between the institution of the litigation by the derivative plaintiffs and the benefits subsequently conferred on the corporation and the shareholders.

Accordingly, the Court directs that reasonable attorneys' fees and expenses be awarded to the derivative plaintiffs. The Court further directs that counsel for all parties reach a mutual agreement as to the amount of attorney's fees to be awarded. Absent agreement by counsel, the Court will order that an evidentiary hearing be held to determine the reasonableness of the grant of attorneys' fees and expenses under the standard announced by the Fifth Circuit decision in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).