**UNITED VANGUARD FUND, INC.,** United Funds, Inc., United Science and Technology Fund, United New Concepts Fund, Inc., United Continental Income Fund, Inc., Waddell & Reed Funds, Inc., Growth Fund, The Hillman Foundation, Inc., The Henry L. Hillman Foundation, HCC Investments, Inc., The Henry L. Hillman Trust, The Juliet Lea Hillman Trust, The Audrey Hilliard Hillman Trust, The Henry Lea Hillman Jr. Trust and The William Talbott Hillman Trust, Plaintiffs Below, Appellants,

v.

**TAKECARE, INC.,** Jack R. Anderson, R. Judd Jessup, Richard M. Burdge, Sr., George E. Bello, Robert W. Jamplis and FHP International Corporation, Defendants Below, Appellees.

No. 508, 1996.

Supreme Court of Delaware.

Submitted: April 15, 1997.

Decided: May 22, 1997.

Michael D. Goldman (Argued), and Stephen C. Norman, Potter Anderson & Corroon, Wilmington; Of Counsel: Theodore Altman, and Michael B. Reuben, Gordon Altman Butowsky Weitzen Shalov & Wein, New York City, for Appellants.

Kenneth J. Nachbar, Morris Nichols Arsht & Tunnell, Wilmington; Of Counsel: Michael Joseph (Argued), and Joseph O. Click (Argued), Dyer Ellis & Joseph, Washington, DC, for Appellees.

Before VEASEY, C.J., and HOLLAND, and HARTNETT, JJ.

HARTNETT, Justice.

This is an appeal from the grant of summary judgment by the Court of Chancery denying an attorney's fee and expenses in a suit that became moot. In reviewing the

denial of the fees and expenses, we must consider whether the defendant corporation overcame the presumption that there was a causal connection between the filing of the lawsuit and the alleged subsequent benefit to the corporation's shareholders arising from the suit. We conclude that there are unresolved questions of fact whether the suit conferred any benefit upon the shareholders and, therefore, it was improper for the Court of Chancery to grant summary judgment. Accordingly, we **REVERSE and REMAND.**

## I.

In 1993, TakeCare, Inc. was a Delaware corporation acting as a health maintenance organization. It had been acquired in 1988 by a private investment group including its chairman, Jack R. Anderson, and its largest investor Henry L. Hillman. By 1993 Take-Care had become a public company.

In late 1993, the directors decided that TakeCare should be sold and a search was undertaken for potential acquirors. Initially, two offers were received: an all-stock offer by United HealthCare Corporation ("United") valued at $65 per share and an offer consisting of a mix of cash, preferred stock and common stock by FHP International ("FHP") valued at $62 per share. On January 9, 1994, after debate among the directors as to the merits of each proposal, the Board authorized a letter of intent to accept the offer of FHP.

On January 10, 1994, FHP and TakeCare issued a press release announcing a letter of intent to merge. The press release also stated that a TakeCare stockholder holding 16% of the outstanding shares was opposed to the transaction with FHP.

On January 17, TakeCare received an unsolicited offer from a third bidder, Foundation Health Corporation ("Foundation"), pro-

posing an all-stock transaction valued at $72 per TakeCare share.

The next day, on January 18, 1994, United Vanguard Fund, et. al. ("Vanguard") filed suit in the Court of Chancery seeking to have the letter of intent, which would expire by its terms on February 7, 1994, set aside on the ground that it was preventing a fair auction of TakeCare. Specifically, the complaint alleged that a majority of the directors of FHP had violated their fiduciary duties in approving the letter of intent by agreeing to provisions such as a termination fee, the payment of management bonuses, and an option to purchase Mr. Anderson's shares.[1] Because of these provisions, it was alleged, the directors had precluded bidders that used a pooling of interests accounting from making competitive bids for TakeCare.[2]

On January 21, 1994, a fourth bidder, PacifiCare Health Systems communicated its interest in acquiring TakeCare. On January 30, PacifiCare made an offer of $68.50 per share consisting of cash, common stock, and subordinated debt. On February 7, as bidding by the interested parties continued, the board allowed the January 10 letter of intent to lapse. Proceeding with the auction process, TakeCare asked all of the bidders to submit their final acquisition offer on February 24, 1994. In response, Foundation made an all stock offer valued at $83 per share, but TakeCare decided to enter into a definitive merger agreement with FHP based on its final combined consideration proposal valued at $80 per share. On June 17, 1994, after receiving approval from a majority of the stockholders of both companies, FHP acquired TakeCare.

Both sides conceded in the Court of Chancery that the events subsequent to the filing of the lawsuit by Vanguard rendered the suit moot. Vanguard, however, sought $4.8 million in legal fees and expenses because it contended that its lawsuit caused the bidding

1. The letter of intent required Mr. Anderson and his wife to grant FHP an option to purchase from them one million shares at $62 per share. The option was exercisable if (1) there was a breach of the letter of intent; or (2) TakeCare accepted an offer from another party at a price between $62 and $68 per share.

2. The ability to use pooling of interests accounting gave pooling bidders an advantage over other bidders. For example, a pooling acquiror would not have to account for approximately $800 million in goodwill that the acquisition would generate and charge that amount to earnings in the future. For this reason, a pooling bidder would be able to offer more consideration.

price for TakeCare to increase from $62 per share to $80 per share, resulting in a $271 million benefit to the TakeCare shareholders. After considering cross motions for summary judgment, the Court of Chancery ruled that TakeCare had met its burden of showing that the Vanguard lawsuit had no causative effect on the subsequent shareholder benefit arising from the increased tender offer price. It therefore granted TakeCare's motion for summary judgment, dismissed Vanguard's suit and denied Vanguard's fee application. Vanguard's entitlement to $4.8 million in expenses and fees is the sole issue on appeal before this Court.

## II.

We review the grant of a summary judgment *de novo* both as to the facts and the law in order to determine whether or not the undisputed facts entitled the movant to judgment as a matter of law.[3] This analysis requires us to examine the record to determine whether, after viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that no material issues of fact are in dispute and it is entitled to judgment as a matter of law.[4]

Contrary to TakeCare's assertion, the existence of cross motions for summary judgment does not act *per se* as a concession that there is an absence of factual issues. Rather, a party moving for summary judgment concedes the absence of a factual issue and the truth of the nonmoving party's allegations only for purposes of its own motion, and does not waive its right to assert that there are disputed facts that preclude summary

judgment in favor of the other party.[5] Thus, the mere filing of a cross motion for summary judgment does not serve as a waiver of the movant's right to assert the existence of a factual dispute as to the other party's motion.

## III.

Delaware courts have long recognized the "common corporate benefit" doctrine as a basis for the reimbursement of attorneys' fees and expenses in corporate litigation.[6] Under this doctrine, a litigant who confers a common monetary benefit upon an ascertainable stockholder class is entitled to an award of counsel fees and expenses for its efforts in creating the benefit.[7] This doctrine is premised on the theory that "all of the stockholders ... benefited from plaintiffs' action and should have to share in the costs of achieving that benefit."[8]

In order to be entitled to an award of fees under the corporate benefit doctrine, an applicant must show, as a preliminary matter, that:

(1) the suit was meritorious when filed;

(2) the action producing benefit to the corporation was taken by the defendants before a judicial resolution was achieved; and

(3) the resulting corporate benefit was causally related to the lawsuit.[9]

The Court of Chancery based its holding solely on the third factor, and therefore found it "unnecessary to address whether the litigation was premature when filed or

3. *Arnold v. Society for Savings Bancorp, Inc.*, Del.Supr., 678 A.2d 533, 535 (1996).

4. *Burkhart v. Davies*, Del.Supr., 602 A.2d 56, 59 (1991); *Benge v. Davis*, Del.Supr., 553 A.2d 1180, 1182 (1989).

5. *Kanaga v. Gannett Co., Inc.*, Del.Supr., 687 A.2d 173, 176 n. 6 (1996); *Empire of America Relocation Services, Inc. v. Commercial Credit Co.*, Del.Supr., 551 A.2d 433, 435 (1988); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2720, at 19 (2d ed. 1983). *But see Merrill v. Crothall–American, Inc.*, Del.Supr., 606 A.2d 96, 100 (1992) (Dicta); *Fiduciary Trust Co. v. Fiduciary Trust Co.*, Del.Supr., 445 A.2d 927, 930 (1982)

(where the court construed a will using only the paper record of its text).

6. *See Goodrich v. E.F. Hutton Group, Inc.*, Del. Supr., 681 A.2d 1039 (1996) (discussing history of common fund doctrine).

7. *Tandycrafts, Inc. v. Initio Partners*, Del.Supr., 562 A.2d 1162, 1164 (1989); *Chrysler Corp. v. Dann*, Del.Supr., 223 A.2d 384, 386 (1966).

8. *Weinberger v. UOP, Inc.*, Del.Ch., 517 A.2d 653, 656 (1986).

9. *Allied Artists Pictures Corp. v. Baron*, Del.Supr., 413 A.2d 876, 878 (1980).

whether it was meritorious." [10] Thus, the only finding being appealed is the Court of Chancery's conclusion that "the record establishes clearly that there was no causal relationship between the litigation and receipt by the shareholders of greater consideration finally than that contemplated at the time of the limited no shop agreement." [11]

Where, as here, a corporate defendant, after a complaint is filed, takes action that renders the claims asserted in the complaint moot, Delaware law imposes on it the burden of persuasion to show that no causal connection existed between the initiation of the suit and any later benefit to the shareholders.[12] This rebuttable presumption exists because it is the "defendant, and not the plaintiff, who is in a position to know the reasons, events and decisions leading up to the defendant's action." [13] Defendants, therefore, have the burden of rebutting the presumption by demonstrating that the lawsuit "did not in any way cause their action." [14] On a motion for summary judgment, a defendant's burden is particularly heavy, because it must show on undisputed facts that the assertions of the lawsuit had no causative effect on the subsequent benefit.[15]

### IV.

Vanguard's primary claim is that the Court of Chancery improperly applied the presumption by not addressing whether the litigation contributed in any manner to the shareholder benefit, and instead focused solely on what the court believed was the primary impetus for the price increase.

Vanguard does not argue that the filing of its suit was causally related to Foundation's initial offer of $72 per share, which occurred one day prior to the filing. Vanguard, however, contends that its lawsuit resulted in

the removal of obstacles which would have prevented bidders from using a pooling of interests accounting, thereby reducing the likelihood of the full and fair auction which ultimately took place. Specifically, Vanguard points to the directors removal of the option to purchase Mr. Anderson's shares to allow for pooling bids, elimination of management bonuses upon a sale of the corporation, the directors' agreement to seek SEC guidance as to the effect of the FHP termination fee, and the inclusion of a fiduciary out clause as concrete positive results of the Vanguard suit. Vanguard claims that the elimination of these impediments paved the way for the increased bidding.

Conversely, TakeCare asserts that, to the extent that the litigation played any role in any of the directors actions, these actions had no effect on the price per share increase. Rather, TakeCare contends that the sole basis for the price increase was the public announcement of the January 10, 1994 letter of intent that initiated the bidding by Foundation and PacifiCare, whose bidding took place without reference to the lawsuit.

These conflicting claims seem to be based on issues of fact that were not addressed by the Court of Chancery. Because Vanguard did not specifically waive the existence of these factual disputes, the Court of Chancery, prior to granting the motion for summary judgment against Vanguard, was obliged to determine if there was a genuine issue of material fact that would prevent dismissal of these claims.[16] Absent this determination, we cannot ascertain from the present record whether TakeCare has demonstrated that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law. We therefore find that the Court of Chancery's failure to analyze Vanguard's claims to determine the

**10.** *United Vanguard Fund, Inc. v. TakeCare Inc.,* Del.Ch., C.A. No. 13343, Mem. Op. at 21, 1996 WL 671413 (Nov. 19, 1996).

**11.** *Id.*

**12.** *Tandycrafts,* 562 A.2d at 1167; *Allied Artists,* 413 A.2d at 880.

**13.** *Allied Artists,* 413 A.2d at 880.

**14.** *Id.*

**15.** *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253–55, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) (stating that on a summary judgment motion the court "must view the evidence presented through the prism of substantive evidentiary burden").

**16.** *Arnold,* 678 A.2d at 535.

existence of a genuine issue of material fact is reversible error. In so holding, we pass no judgment as to the merits of Vanguard's contentions.[17]

## V.

In conclusion, we find that the Court of Chancery failed to examine several of Vanguard's contentions which may be based on the existence of issues of material fact. Because Vanguard did not specifically waive the existence of factual disputes merely by its filing of a cross-motion for summary judgment, the Court of Chancery was obliged to analyze these claims to determine whether they raised a genuine issue of material fact. Absent this analysis, we cannot conclude, when viewing the facts in the light most favorable to Vanguard, that TakeCare has demonstrated that there are no material issues of fact in dispute. Consequently, we **REVERSE** and **REMAND**.

---

**17.** We express no opinion whether Vanguard, even if it shows that its suit had some causative effect on the increased tender offer price obtained, is entitled to fees and costs in any particular sum.