**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1517
_____

EARL STRONG,
                                        Appellant

v.

TOWN OF SMYRNA DELAWARE;
SMYRNA POLICE DEPARTMENT

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-14-cv-00465)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 22, 2015

Before:  GREENAWAY, JR., SCIRICA and RENDELL, Circuit Judges

(Opinion filed: September 23, 2015)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Earl Strong appeals from the District Court's dismissal of his complaint. We will affirm.

I.

In 2012, Strong filed a complaint against the Smyrna Police Department and two of its officers in the Superior Court of the State of Delaware. Strong v. Dunning, C.A. No. K12C-07-005, 2013 WL 3481452 (Del. Super. Ct. June 27, 2013). He asserted several claims—including false arrest, wrongful imprisonment, malicious prosecution, and defamation—under state law and 42 U.S.C. § 1983, all of which stemmed from his March 31, 2012 arrest. The defendants filed a summary judgment motion, which the Superior Court granted in June 2013, determining that the defendants were entitled to immunity from state tort liability and from liability under § 1983. Id. at *7. Strong thereafter filed a motion for reargument, which the Superior Court denied in October 2013. Strong v. Dunning, C.A. No. K12C-07-005, 2013 WL 5784426 (Del. Super. Ct. Oct. 4, 2013).

Strong did not appeal from the Superior Court's judgment. Instead, in May 2014, he filed a complaint in the District Court against the Town of Smyrna Delaware and the Smyrna Police Department. Strong's federal complaint was nearly identical to his

2

Superior Court complaint. His claims, which again included false arrest, wrongful imprisonment, and malicious prosecution, stemmed from his March 31, 2012 arrest. The defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Strong's claims were barred by the doctrine of res judicata. The District Court agreed, and entered an order dismissing the case on January 26, 2015.[1]

Strong timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over dismissals based on res judicata (also called claim preclusion). See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009). A federal court must give full faith and credit to a final state-court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005). And as the District Court explained, when deciding whether the doctrine of res judicata applies, we look to state law to determine what effect to give state-court judgments. See Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 548 (3d Cir. 2006).

Under Delaware law, res judicata operates to preclude a later-filed claim where:

---

[1] Although the defendants attached documents from the state court proceeding to its motion, the District Court did not need to convert the motion into one for summary judgment, as "[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

> (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.

LaPoint v. AmerisourceBergen Corp., 970 A.2d 185, 192 (Del. 2009) (quoting Dover Hist. Soc'y, Inc. v. Dover Planning Comm'n, 902 A.2d 1084, 1092 (Del. 2006)).

In this case, the District Court correctly determined that all of the elements necessary for res judicata to apply were satisfied, and therefore, that Strong's claims were barred. First, the Superior Court had jurisdiction over the parties and Strong's state tort and § 1983 claims. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 318 (3d Cir. 2001) ("State courts have concurrent jurisdiction over § 1983 cases."). Additionally, the federal and state cases involved the same parties,[2] Strong's claims were denied by the Superior Court's summary judgment decision, his motion for reargument was denied, and he did not appeal from the Superior Court's judgments. See Allied Artists Pictures Corp. v. Baron, 413 A.2d 876 (Del. 1980) ("[A] decision on a motion for summary judgment is a final decision on the merits, which enables the defense of res judicata to be raised in subsequent actions between the parties.").

---

[2] The Superior Court stated that the Town of Smyrna was the proper municipal defendant rather than the Police Department, but that "[g]iven the liberal standard for construing pro se pleadings, the Court will treat Plaintiff's claims against the Police Department as claims against the Town of Smyrna." Strong, 2013 WL 3481452, at *1 n.1.

Finally, scrutiny of the complaints leaves no doubt that the claims in both the state and federal cases arise from the same "common nucleus of operative fact" or transaction. See LaPoint, 970 A.2d at 193. Strong's claims arise out of his March 31, 2012 arrest, which was also the basis of his state court action. Under Delaware law, res judicata bars litigation "between the same parties if the claims in the later litigation arose from the same transaction that forms the basis of the previous litigation." Maldonado v. Flynn, 417 A.2d 378, 381 (Del. Ch. 1980.) Thus, even had Strong not brought nearly identical claims in both lawsuits, any claims that derived from his March 31, 2012 arrest were barred by res judicata.

In short, all of the elements for invoking res judicata to bar Strong's federal complaint were met. Accordingly, we will affirm the District Court's judgment. Strong's motion for default is denied.