IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRP GROUP, INC., | § | |
| | § | No. 80, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 2023-0150 |
| RUBY WAGNER, on Behalf of | § | |
| Herself and All Other Similarly | § | |
| Situated Stockholders of BRP | § | |
| GROUP, INC., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 11, 2026
Decided: May 7, 2026

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices, constituting the Court *en Banc*.

## **ORDER**

The Court, having considered the briefs and the record below, rules as follows:

(1)    In October 2019, BRP Group, Inc. launched an initial public offering. Along with the IPO, BRP entered into a stockholders agreement with its pre-IPO owners ("Holders"). More than three years later, a BRP stockholder, Ruby Wagner, filed a complaint in the Court of Chancery challenging the facial validity of three consent rights in the stockholders agreement. After Wagner filed her complaint, BRP entered into a consent agreement and related bylaw amendment with the majority holder of the pre-IPO interests, which allowed BRP to act without the Holders'

required consent if the independent directors determined unanimously and in good faith that the proposed action was in the best interest of BRP and its stockholders.[1]

(2)     On cross-motions for judgment on the pleadings, the Court of Chancery held that Wagner's claims, if successful, would render void the Holders' pre-approval rights such that laches could not be asserted as a defense.[2]  The court also awarded fees.

(3)     After briefing concluded in this appeal, we decided *Moelis & Company v. West Palm Beach Firefighters' Pension Fund*.[3]  In *Moelis*, our Court held that facial challenges to certain provisions in a stockholders agreement, even if successful, would cause the challenged provisions to be voidable, not void, and subject to equitable defenses, including a laches defense.[4]  The plaintiff's claims in *Moelis* were barred by laches.  In light of *Moelis*, we requested supplemental briefing about its effect on the outcome of this appeal.

---

[1] *See* App. to Opening Br. at A240–43 [hereinafter A__] (Consent Agreement).

[2] *Wagner v. BRP Grp., Inc.*, 316 A.3d 826, 838 (Del. Ch. 2024).  On August 1, 2024, new 8 *Del. C.* § 122(18) became effective.  The statute does not affect any civil action or proceeding like this case pending on or before such date. *See* Del. S.B. 313, 152d Gen. Assem. § 6 (2024).

[3] --- A.3d ---, 2026 WL 184868 (Del. Jan. 20, 2026).

[4] *Id*. at *8–10.

(4)     Wagner concedes that, after *Moelis*, "her facial challenges are now barred by laches and the trial court's ruling to the contrary should be reversed."[5] Wagner contends, however, that a remand is needed because she also brought as-applied challenges.  The Court of Chancery has described the difference between a facial and as-applied challenge as follows:

> [a] facial challenge addresses a provision as it appears in a specific contract. The party making the facial challenge must prove that the provision, as it appears in a particular contract, cannot operate validly under [a section of the DGCL].  In an as-applied challenge, by contrast, a court examines the decision to exercise a contractual right in the specific setting when it was exercised.  A court may still determine whether the challenged provision appears in a governance agreement, but the court also will focus on who did what, when, and how in the specific scenario at issue.[6]

(5)     We have reviewed Wagner's complaint.  It does not allege that any consent right was ever exercised.  And even if Wagner had pled a distinct as-applied claim based on the mere fact of entering into the stockholders agreement, it would rely on the same unlawful act as her facial challenge and, under *Moelis*, would be barred by laches.[7]  Thus, we reverse the Court of Chancery's judgment in this appeal.

---

[5] Appellee's Suppl. Mem. 2.

[6] *W. Palm Beach Firefighters' Pension Fund v. Moelis & Co.*, 311 A.3d 809, 860 (Del. Ch. 2024) (footnotes omitted), *rev'd on other grounds*, 2026 WL 184868 (Del. Jan. 20, 2026).

[7] *Moelis*, 2026 WL 184868, at *10 ("A cause of action accrues—and, thus, the statute of limitations begins to run—upon the commission of the wrongful act giving rise to the cause of action.").

(6) Wagner also argues that we should remand to the Court of Chancery to reassess attorneys' fees. According to Wagner, although her action "will no longer have achieved facial invalidation of any provision," her attorneys are entitled to a fee because "the corporate benefits achieved through the Consent Agreement and Bylaw Amendment . . . will not be undone by reversal pursuant to *Moelis*."[8] BRP opposes a remand, arguing that, after *Moelis*, the complaint was no longer meritorious when filed.

(7) The Court of Chancery may award counsel fees for a mooted claim if "(1) the suit was meritorious when filed, (2) the defendants took an action that produced a corporate benefit before the plaintiffs obtained a judicial resolution, and (3) the suit and the corporate benefit were causally related."[9] At the time Wagner filed suit, she had a meritorious facial invalidity claim that certain stockholders agreement provisions were void.[10] The defendants responded to the complaint by implementing the consent agreement and bylaw amendment intending to moot her claims.[11] Even though the Court of Chancery held that Wagner's claims were not

---

[8] Appellee's Suppl. Mem. 10.

[9] *EMAK Worldwide, Inc. v. Kurz*, 50 A.3d 429, 432 (Del. 2012).

[10] *See Allied Artists Pictures Corp. v. Baron*, 413 A.2d 876, 879 (Del. 1980) ("the meritoriousness determination should be made with reference to the state of the action at the time of filing").

[11] A163 (Def.'s Opening Br. in Supp. of its Cross-Mot. for J. on the Pleadings and Answering Br. in Opp'n to Pl.'s Mot. for J. on the Pleadings at 32) ("Although for all the reasons above the

4

moot, we remand to the Court of Chancery to determine a fee award based on any modest benefit achieved through the consent agreement and bylaw amendment. Counsel must meet and confer first to attempt to resolve the fee issue, taking into account that the fee award we reverse was based primarily on Wagner's success in invalidating certain provisions of the stockholders agreement in the Court of Chancery.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Court of Chancery is REVERSED, and the case is REMANDED for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

Complaint does not set forth a viable claim for relief, even if it had, the Consent Agreement and Bylaw Amendment mooted any valid claims.").