Thomas M. GAUBERT, and Independent American Savings Association, Plaintiffs,

v.

Thomas E. HENDRICKS, Andrew Chen, Albert H. Cloud, Jr., Edwin E. Nowlin, Jr., Joe Alan Stalcup, and Milton H. Thomas, Defendants.

Civ. A. No. 3–87–0130–T.

United States District Court, N.D. Texas, Dallas Division.

Feb. 4, 1988.

---

Abbe David Lowell, Lead Counsel, Julian H. Spirer, Elizabeth C. Brooks, Sean Connelly, Brand & Lowell, Washington, D.C., McKenzie and Baer, Dallas, Tex., for plaintiffs.

Larry Carlson, Dallas, Tex., for FSLIC.

Roger Goldburg, Victoria L. Eastus, Dallas, Tex., Lead Counsels, for Thomas Hendricks.

Al Badger, Dallas, Tex., for Andrew Chen, Albert Cloud, Jr., Edwin Nowlin.

Drew R. Heard, Lisa A. Stegall, Shank, Irwin & Conant, Dallas, Tex., for Joe Stalcup.

Michael E. Rohde, True, Rohde & McLain, a Professional Corp., Dallas, Tex., for Milton Thomas.

## ORDER OF DISMISSAL

MALONEY, District Judge.

### Background

Thomas M. Gaubert has been a major stockholder of Independent American Savings Association ("IASA") since 1983. Gaubert instituted this suit derivatively, on behalf of IASA, in January, 1987, against Defendants who were involved in the management of IASA. The suit is for recovery of losses incurred by IASA as a result of the activities of Defendants.

On May 20, 1987, the Federal Home Loan Bank Board, pursuant to 12 U.S.C. § 1464(d)(6)(A), appointed the Federal Savings and Loan Insurance Company ("FSLIC") as receiver for IASA. At that time, the assets of IASA vested in FSLIC as receiver pursuant to 12 U.S.C. § 1729(b).

On June 24, 1987, FSLIC, in its corporate capacity, filed its motion to intervene in this suit as a party plaintiff. That motion sought intervention as of right, under Rule 24(a) of the Federal Rules of Civil Procedure. On October 15, 1987, FSLIC filed its amended motion to intervene under Rule 24(b) of the Federal Rules of Civil Procedure, seeking permissive intervention also. FSLIC, in its corporate capacity, asserts that it, not Plaintiff Gaubert or IASA, now owns any cause of action for wrongdoing to the insolvent savings and loan. Ownership of the cause of action passed as a matter of law, FSLIC contends, from IASA to FSLIC as receiver when FSLIC was appointed as receiver for IASA. FSLIC, in its corporate capacity, further contends that IASA's assets then passed to it from the FSLIC receiver on the same day by virtue of a "Receiver's Agreement" between the two FSLIC entities. Under the terms of that agreement, IASA's assets

were transferred to FSLIC in its corporate capacity. Therefore, FSLIC in its corporate capacity concludes that it owns all the claims and causes of action, if any, asserted on behalf of IASA by Gaubert.

## Jurisdiction

It is well established that this Court may inquire into its own jurisdiction if it has reason to believe that the case is not within the court's jurisdiction. *Howell v. Colorado Interstate Gas Corporation*, 202 F.Supp. 119 (N.D.Tex.1961), *aff'd*, 312 F.2d 198 (5th Cir.1963).

## Shareholder Derivative Suits and Standing to Sue

Texas corporation law provides that only a corporation and not its shareholders can complain of injuries sustained by a corporation. *United States v. Palmer*, 578 F.2d 144 (5th Cir.1978). Individual shareholders have no separate right of suit for injuries suffered by the corporation which merely result in the depreciation of the value of their stock. Such an action must be brought by the corporation, *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216 (1943), and any recovery made by the shareholders in a successful derivative action goes to the corporation and the shareholders thereby benefit through their participation in the ownership of the company. *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970).

An exception to this general prohibition exists when corporate action cannot be expected because the corporation is controlled by the individuals whose actions allegedly caused injury to the corporation. *Cullum v. General Motors Acceptance Corp.*, 115 S.W.2d 1196 (Tex.Civ.App.—Amarillo 1938, no writ). In that situation, a shareholder may bring a derivative suit on behalf of the corporation, for the purpose of asserting the corporation's rights. *See Crossland v. Canteen Corporation*, 711 F.2d 714 (5th Cir.1983). The corporation, however, remains the real party in interest in the derivative suit. *See Prudential–Bache Securities, Inc. v. Matthews*, 627 F.Supp. 622 (S.D.Tex.1986).

■ It appears, then, that Plaintiff Gaubert had standing on January 20, 1987, to bring suit on behalf of IASA against former directors and officers for their alleged wrongdoing which resulted in injury to IASA. In making such a statement, however, this Court does not address any possible question regarding whether Gaubert made sufficient demand on the directors to bring suit, or whether the demand was waived.

## Standing to Sue After Receivership

■ It appears, however, that FSLIC has since acquired the right to bring suit. On May 20, 1987, when IASA was placed into receivership with FSLIC, all of IASA's assets vested in FSLIC pursuant to 12 U.S.C. 1729(b), including any cause of action it may have had against its former directors. The court in *First Savings & Loan Association v. First Federal Savings & Loan Association of Hawaii*, 547 F.Supp. 988 (D. Hawaii 1982), said,

By virtue of its appointment as receiver, the FSLIC acquired all the powers of the members, directors and officers of [the insolvent thrift], except one, ... and that is the power under Title 12 of the United States Code, Section 1464(d)(6)(A) to bring an action in the District Court for an order requiring the Board to remove such receiver. The limited nature of the power of an association in receivership to initiate or prosecute a suit is evidenced by the plain language of 12 U.S.C. § 1464(d)(6)(A). It is further evident from the language of § 1464(d)(6)(C) of Title 12, which is also incorporated in 1729.... The provisions of 12 U.S.C. § 1464(d)(6)(A) and the regulations promulgated under 12 U.S.C. §§ 1725 and 1729, as well as the case law dealing with receivership, ... make it clear that only a receiver may institute, prosecute or maintain claims on behalf of any association placed in receivership.

This Court concludes that Plaintiffs in this cause have lost their standing to sue, and that this Court does not have jurisdiction over this cause. *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556

(1984). Plaintiffs seek to assert a right which has passed as a matter of law to another entity, FSLIC. Therefore, this Court further concludes that this cause should be dismissed.

### FSLIC's Motion to Intervene

■ The Court is also of the opinion that FSLIC's motion to intervene should be denied. FSLIC contends that it, and not Plaintiffs Gaubert and IASA, owns any cause of action against the Defendants in this case. The proposed complaint in intervention, however, simply seeks to adjudicate the ownership of the cause of action and only contains a count for declaratory judgment against Plaintiffs regarding ownership of the cause of action.

In addition, for the purpose of maintaining this suit, FSLIC has not adequately demonstrated that it is the owner of the cause of action in question. It has not shown that the assets of IASA in the possession of FSLIC as receiver passed to FSLIC in its corporate capacity. Further, FSLIC has not indicated that it wishes to adopt Plaintiff's complaint and pursue this litigation. Therefore, this Court believes that the motion to intervene of FSLIC should be denied.

### Conclusion

This Court concludes that the present plaintiffs cannot maintain suit because they have lost their standing to sue. Further, this Court concludes that the FSLIC should not be permitted to intervene because it has not shown its own entitlement to sue to the satisfaction of this Court, and further, its proposed complaint in intervention does not seek to maintain this suit.

It is therefore ORDERED that FSLIC's Motions to Intervene are denied.

It is further ORDERED that this case is dismissed for the reasons expressed above.