SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

October 6, 2016

John A. Sergovic, Jr., Esquire
Sergovic, Carmean, Weidman
McCartney & Owens
406 S. Bedford Street, Suite 1
Georgetown, DE 19947

Jeffrey A. Young, Esquire
Young & McNelis
300 South State Street
Dover, DE 19901

Melissa L. Rhoads, Esquire
Jason J. Cummings, Esquire
Tighe & Cottrell, P.A.
704 North King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899

> RE:  *Kenneth J. Suter v. State Farm Fire & Casualty Co.*
> C.A. No: S15C-06-025ESB

Dear Counsel:

This is my decision on Defendant State Farm Fire & Casualty Co.'s Motion for

Summary Judgment in this breach of contract case involving Plaintiff Kenneth J.

Suter's insurance claim against State Farm for damages to his basement. Suter owns

a ranch house with a basement located at 34791 Collins Avenue, Rehoboth Beach,

Delaware. Suter has a homeowner's insurance policy with State Farm covering the

ranch house. Suter noticed a horizontal crack in the basement wall on July 4, 2014.

Suter noticed that the horizontal crack had increased in size a few weeks later on July

17, 2014. It appears that a prior owner of the ranch house had installed a new septic system in the front yard, changing the topography of the yard and causing water to drain towards and put pressure on the basement wall. Suter was afraid that his basement wall would collapse so he paid $24,160.00 to fix it and then filed a claim for damages under his homeowner's insurance policy with State Farm. State Farm denied Suter's claim, reasoning that it did not fall within the coverage provided by the homeowner's policy and was actually excluded from it. Suter then filed a complaint in this court against State Farm alleging (1) breach of contract, and (2) bad faith.

## STANDARD OF REVIEW

Summary Judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[1] The moving party must initially demonstrate that there is no genuine issue of material fact.[2] If that burden is met, the burden then shifts to the non-moving party to demonstrate that an issue of material fact remains in dispute.[3] Where the parties have filed cross motions for summary judgment and have not presented argument to the

---

[1] Superior Court Civil Rule 56(c).

[2] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[3] *Id.*

2

Court that there is an issue of fact material to the disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based upon the record submitted with the motions.[4] Neither party's motion will be granted unless no genuine issue of material fact exists and one of the parties is entitled to judgment as a matter of law.[5] Filing of a cross motion for summary judgment does not serve as a waiver of the party's right to assert the existence of a factual dispute as to the other party's motion.[6]

## DISCUSSION

Suter argues that his basement wall collapsed and is covered under his homeowner's policy, Section 1 – Additional Coverages. Suter's homeowner's policy provides that "The Following Additional Coverages are subject to all the terms, provisions, exclusions and conditions of this policy." A collapse is covered and provides as follows:

> Collapse. We insure only for direct physical loss to covered property involving the sudden, entire collapse of a building or any part of a building.

> Collapse means actually fallen down or fallen into pieces. It does not include settling, cracking, shrinking, bulging, expansion, sagging or

---

[4] Superior Court Civil Rule 56(h).

[5] *Emmons v. Hartford Underwriters Insurance Co.*, 697 A.2d 742, 745 (Del. 1997).

[6] *United Vanguard Fund, Inc. v. Take-Care, Inc.*, 693 A.2d 1076, 1079 (Del. 1997).

3

bowing.

The collapse must be directly and immediately caused only by one or more of the following.

a.   perils described in SECTION 1 – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY. These perils apply to covered building and personal property for loss insured by this Additional Coverage;

b.   hidden decay of a supporting or weight-bearing structural member of the building;

c.   hidden insect or vermin damage to a structural member of the building;

d.   weight of contents, equipment, animals or people;

e.   weight of ice, snow, sleet or rain which collects on a roof; or

f.   use of defective material or methods in the construction (includes remodeling or renovation) of the building, if the collapse occurs during the course of the construction of the building.

Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items b., c., d., e. and f. unless the loss is the direct and immediate cause of the collapse of the building.

This coverage does not increase the limit applying to the damaged property.

Thus, for Suter to recover he must show that his basement wall collapsed and that the collapse was caused by one of the enumerated things. Suter cannot meet either requirement.

## Collapse

Collapse, according to the policy, "means actually fallen down or fallen into pieces." It does not include "settling, cracking, shrinking, bulging, expansion, sagging or bowing."[7] Suter's basement wall did not collapse. It only cracked and bowed. This is borne out by the pictures[8] of the basement wall and testimony of Suter's two expert witnesses, George Smith and William Baughman. The following is their testimony on this issue:

### William Baughman

Baughman is the owner of Premier Restoration.[9] He went to the property the same day Suter reported the loss to State Farm.

Q. Okay. So tell me, you just kind of described, what did the basement wall look like?

A. About the center of it was - - it was a cinderblock, and about the center, if I recall, the mortar joints were cracked horizontally across the wall, almost the length of the wall, the basement, and

---

[7] I did not find State Farm's definition of collapse to be ambiguous.

[8] See attachment numbers 1, 2, 3 and 4.

[9] Premier Restoration is a fire, smoke, and water damage restoration company.

was bellied in, coming from the outside into the living area.

Q.     When you say bellied in, <u>do you mean like bulging in</u>?

A.     <u>Bulging in.</u>

Q.     And what work did you perform for Mr. Suter?

A.     We framed up approximately three foot in from the wall, if I recall, with two-by sixes, I believe they were added to support the first floor <u>just in case the wall did collapse</u>. (Emphasis added).[10]

### George Smith

Smith is an engineer. He went to the property in September 2014, two months after Suter reported the loss to State Farm.

Q.     When you had entered Mr. Suter's basement, had the basement wall collapsed?

A.     <u>No, it wasn't - - had not been collapsed; it was just pushed in and separated by an inch or two.</u>

Q.     When you say pushed in, would you described that as bulging in?

A.     <u>I would say you could say it had bulged in; it was pushed in enough to open up a crack.</u> (Emphasis added).[11]

[...]

Q.     Correct me if I'm wrong, I believe you said this earlier, you said the reason for the damage was pressure on the wall?

---

[10] Plaintiff's Ex. 3 at 10-11.

[11] Plaintiff's Ex. 4 at 25.

A. Uh-huh.

Q. <u>Where the concrete bricks decayed in any way?</u>

A. <u>No</u>. (Emphasis added).[12]

The two pictures show a basement wall that has only cracked. These pictures, combined with the testimony of Baughman and Smith, make it clear that the basement wall did not collapse.

## Collapse Causation

Suter argues that his basement wall collapsed because of hidden decay. However, he does not identify what decayed. Collapse caused by hidden decay of a weight-bearing structural member of the ranch house is covered under the homeowner's insurance policy, but Suter has offered no evidence that such a thing occurred. Quite simply, it appears that the basement wall cracked because of the pressure of the water against it.

State Farm argues that Suter's loss is not covered by his homeowner's policy. The policy excludes the following applicable losses:

### Section 1 – Losses Not Insured

    1.c. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a swimming pool, hot tub or spa, including their filtration and circulation systems,

---

[12] Plaintiff's Ex. 4 at 30.

fence, pavement, patio, foundation, retaining wall, bulkhead, pier, wharf or dock;

## Section 1 – Losses Not Insured

1.1. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

## Section 1 – Losses Not Insured

2.c. Water Damage, meaning:

(1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

\*\*\*\*\*\*

(3) water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

Suter's basement wall was cracking and bulging. That is excluded under Section 1 – Losses Not Insured 1.1. The only evidence in the record is that water pressure on the basement wall caused it to crack and bulge. That is excluded under Section 1 – Losses Not Insured 1.c. and 1.1.

## CONCLUSION

Unfortunately for Suter, the problem that he experienced is simply not covered

8

by his homeowner's insurance policy. Since it is not covered, State Farm's denial of his claim could not have been in bad faith. Therefore, I have granted Defendant State Farm Fire & Casualty Co.'s Motion for Summary Judgment.

**IT IS SO ORDERED.**

Very truly yours,

E. Scott Bradley

ESB/sal
cc:     Prothonotary

9



07/18/2014 12:39

**ATTACHMENT 1**



07/18/2014 12:39

**ATTACHMENT 2**

07/18/2014 12:38

**ATTACHMENT 3**



**ATTACHMENT 4**