IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FELAMI A. MOORE and MARVIN MOORE, | : | C.A. No: K14C-09-013 RBY |
| | : | In and For Kent County |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PETTINARO ENTERPRISES, LLC, | : | |
| BLUE HEN CC, LLC, PETTINARO | : | |
| MANAGEMENT, LLC, and M&M | : | |
| CONTRACTING, | : | |
| | : | |
| Defendants, | : | |

*Submitted: October 26, 2016*
*Decided: December9, 2016*

*Upon Consideration of Defendant Pettinaro Enterprises, LLC,*
*Blue Hen CC, LLC, and Pettinaro Management, LLC's*
*Motion for Summary Judgment*
DENIED

**ORDER**

R. Mark Taneyhill, Esquire, Schwartz & Schwartz Attorneys at Law, Dover, Delaware for Plaintiffs.

David G. Culley, Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware for Defendants Pettinaro Enterprises, LLC, Blue Hen CC, LLC, and Pettinaro Management, LLC.

Marvin Farlow, M&M Contracting, *Pro se.*

Young, J.

*Moore, et. al. v. Pettinaro Enterprises, LLC, et al.*
K14C-09-013
*December 9, 2016*

## SUMMARY

Felami A. Moore and Marvin Moore (Plaintiffs) filed a negligence claim against Pettinaro Enterprises, LLC, Blue Hen CC, LLC, Pettinaro Management, LLC, and M&M Contracting, LLC. Defendants filed a Motion for Summary Judgment. Since there is a genuine issue of material fact as to whether the snow and ice that allegedly accumulated on the ground was from prior storms or an ongoing storm, Defendants' Motion for Summary Judgment is **DENIED**.

## FACTS AND PROCEDURE

Plaintiffs allege that Felami A. Moore was injured on the morning of Monday, January 28, 2013, in a slip and fall in the Blue Hen Corporate Center's parking lot in Dover, Delaware.[1] At the time Plaintiff Felami Moore fell, it was snowing outside and had been snowing at least since she left her house to get to work at Corporate Kids, an entity located within the Blue Hen Corporate Center.

Defendants assert that there is no evidence indicating that there was any precipitation on the ground, from past storms, at the time Plaintiff Felami Moore fell. Plaintiffs assert, using a certified weather report, that it snowed 1.5 inches on Friday, January 25, 2013. Further, Plaintiffs also contend that Defendants never cleared the parking lot in which Plaintiff Felami Moore fell of any snow or ice from any storm. Deposition testimony was conflicting as to whether any person agreed to clear the area of Blue Hen Corporate Center's parking lot in which Plaintiff Felami Moore fell. Plaintiff Marvin Moore asserts that he has lost spousal consortium as a result of

---

[1] This fall happened at some time between 6:50 AM and 7:08 AM. Plaintiffs and Defendants disagree as to the exact time Plaintiff Felami Moore fell.

Plaintiff Felami Moore's fall.

Plaintiffs filed their Complaint on September 11, 2014. On October 11, 2016, Defendants filed this Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate where the record exhibits no genuine issue of material fact, and the movant is entitled to judgment as a matter of law.[2] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding the motion.[3] The moving party bears the initial burden of demonstrating the nonexistence of material issues of fact; the burden then shifts to the nonmoving party to show that there are material issues of fact in dispute.[4] The Court views the record in the light most favorable to the nonmoving party.[5] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[6] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for

---

[2] *United Vanguard Fund, Inc. v. Takecare, Inc.*, 693 A.2d 1076, 1079 (Del. May 22, 1997).

[3] Del. Super. Ct. Civ. R. 56(c).

[4] *Fauconier v. USAA Cas. Ins. Co.*, 2010 WL 847289, at *2 (Del. Super. Mar. 1, 2010).

[5] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Aug. 6, 1979).

[6] *Sztybel v. Walgreen,* 2011 WL 2623930, at *2 (Del. Super. June 29, 2011).

decision as a matter of law.[7]

## **DISCUSSION**

Defendants argue that this Court should grant their Motion for Summary Judgment. They argue that there are no genuine issues of material fact with respect to this action. Further, they note that there is no legally sufficient basis for a reasonable jury to find them liable for Plaintiffs alleged injuries, were this jury to apply the law to these material facts, since Plaintiffs' slip and fall happened during a snowstorm. They assert that a negligence claim to recover for such an injury would fail due to the continuing storm doctrine.

The continuing storm doctrine does not apply to instances where the plaintiff is injured as a result of snow or ice from a prior storm. Whether a prior or ongoing storm causes snow or ice to accumulate is a material fact in cases involving the continuing storm doctrine. Plaintiffs have presented evidence indicating that the snow and ice on which Plaintiff Felami Moore slipped may have been from a prior storm. Thus, there is a genuine issue of material fact as to whether Plaintiff Felami Moore's fall was caused by snow and ice from a prior storm or an ongoing storm.

The continuing storm doctrine eliminates a plaintiff's negligence claim. A plaintiff asserts a valid negligence claim when she can prove that the defendant caused her injury by breaching a duty that he owed her.[8] However, in Delaware, "a business establishment, landlord, carrier, or other inviter, in the absence of unusual

---

[7] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[8] *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. Aug. 12, 2010).

circumstances, is permitted to await the end of the storm and a reasonable time thereafter to remove ice and snow."[9] Thus, when a storm is ongoing, a defendant owes a plaintiff no duty to remove ice and snow.

When the ice or snow on which the plaintiff falls is not as a result of an ongoing storm, the continuing storm doctrine does not apply. In *Sztybel v. Walgreen Co.*, the defendant filed a motion for summary judgment in a continuing storm doctrine case.[10] The plaintiff fell during the second in a string of two snowstorms that occurred over the course of a week.[11] The defendant contended that the plaintiff fell on snow from the second snowstorm, whereas, the plaintiff contended that she fell on snow from the first snowstorm.[12] The court denied the defendant's motion for summary judgment since, on the posture of the record at this point, a reasonable jury could infer from the facts that the plaintiff could recover,[13] if they determined that plaintiff fell on snow from the first snowstorm.[14]

In the instant action, Plaintiffs and Defendants disagree over a fact relevant to this case's outcome. If the jury were to determine that snow remained on the ground from the January 25, 2013, snow event, then Plaintiffs may have a chance at recovery.

---

[9] *Young v. Saroukos*, 185 A.2d 274, 282 (Del. Oct. 24, 1962).

[10] *Sztybel*, 2011 WL 2623930 at *1.

[11] *Id.* at *1-2.

[12] *Id.*

[13] *Id.*

[14] *Id.*

However, if the jury were to determine that no snow remained on the ground from the January 25, 2013, snow event, or that no snow event occurred on that day, then Plaintiffs would be unable to recover. Thus, there is a genuine issue of material fact. Defendants' Motion for Summary Judgment is **DENIED**.

## CONCLUSION

Since there is a genuine issue of material fact as to whether the snow and ice that allegedly accumulated on the ground was from prior storms or an ongoing storm, Defendants' Motion for Summary Judgment is **DENIED**. This decision is not prejudicial to Defendants' filing later dispositive motions if appropriate.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
*Via File & ServeXpress*
cc:    Counsel
       M&M Contracting (*via U.S. Mail*)
       Opinion Distribution