IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREIDA L. IVORY, | : | |
| | : | C.A. No: K15C-08-014 RBY |
| Plaintiff, | : | In and For Kent County |
| | : | |
| v. | : | |
| | : | |
| HARRINGTON RACEWAY, INC., d/b/a | : | |
| HARRINGTON RACEWAY & CASINO, | : | |
| and GAMING ENTERTAINMENT | : | |
| (DELAWARE), L.L.C., a Delaware | : | |
| Limited Liability Company, | : | |
| | : | |
| Defendants. | : | |

*Submitted: November 7, 2016*
*Decided: December 28, 2016*

*Upon Consideration of Defendant's Motion for Summary Judgment
and/or Dismiss for Failure to Prosecute*
DENIED

**ORDER**

Gary W. Aber, Esquire, Wilmington, Delaware for Plaintiff.

Douglas T. Walsh , Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware for Defendants.

Young, J.

*Ivory v. Harrington Raceway, Inc., et al.*
*C.A. No. K15C-08-014 RBY*
*December 28, 2016*

## SUMMARY

Freida L. Ivory ("Plaintiff") filed a negligence claim against Harrington Raceway, Inc., d/b/a Harrington Raceway & Casino and Gaming Entertainment (Delaware), L.L.C., a Delaware Limited Liability Company ("Defendant"). Defendant filed a Motion for Summary Judgment and/or to Dismiss for Failure to Prosecute. Any inactivity on the part of Plaintiff regarding this litigation has been for a time insufficient to cause a Dismissal for failure to prosecute. Summary judgment is improper, since Plaintiff's new expert discovery cutoff date has yet to pass. Defendant's Motion for Summary Judgment and/or to Dismiss for Failure to Prosecute is, at this point, **DENIED**.

## FACTS AND PROCEDURE

Plaintiff alleges that on August 31, 2013, an interior stall door fell, striking her, while she was in the restroom at Harrington Raceway & Casino. She further alleges that Defendants knew or should have known about the alleged likelihood that the stall door would fall. Plaintiff asserts that she suffered severe and permanent injuries in this alleged incident.

Defendant states that Plaintiff must submit to a discovery deposition and must notify it as to her expert's identity and opinion. Defendant further asserts that it has tried numerous times to schedule this deposition and obtain this expert information unsuccessfully, sometimes, allegedly, without even a response from Plaintiff. Defendant also asserts that it was forced to ask for an extension to its expert discovery cutoff due to Plaintiff's alleged failures. In support of its contentions, Defendant submitted the original Scheduling Order; letters dated June

2

24, 2016, July 15, 2016, and August 26, 2016, attempting to schedule depositions and start a discussion regarding Plaintiff's expert; and the Order amending the original Scheduling Order.

Plaintiff filed this case on August 18, 2015. On December 22, 2015, this Court issued a Scheduling Order setting the Plaintiff's expert discovery cutoff for June 2, 2016. The same order set the Defendant's expert discovery cutoff for August 2, 2016. Plaintiff filed notice of her responses to Defendant's interrogatories and Defendant's request for production of documents on January 20, 2016. On August 5, 2016, this Court granted Defendant's Motion to Amend the Case Scheduling Order so that Defendant's expert disclosure deadline changed to "60 days after Plaintiff submits to a deposition and produces her expert reports." Defendant filed this Motion for Summary Judgment and/or to Dismiss for Failure to Prosecute on October 11, 2016. Plaintiff did not respond to this Motion.

Instead, on October 26, 2016, Plaintiff wrote a letter to this Court asking that the trial be rescheduled. On November 28, 2016, this Court entered a new Scheduling Order extending the Plaintiff's expert discovery cutoff to February 28, 2017.

## STANDARD OF REVIEW

Delaware Superior Court Civil Rule 41(b) states that "for failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court, a defendant may move for dismissal of an action or of any claim against the

defendant."[1]

Alternatively, summary judgment is appropriate where the record exhibits no genuine issue of material fact, and the movant is entitled to judgment as a matter of law.[2] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding the motion.[3] The moving party bears the initial burden of demonstrating the nonexistence of material issues of fact.[4] The burden then shifts to the nonmoving party to show that there are material issues of fact in dispute.[5] The Court views the record in the light most favorable to the nonmoving party.[6] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[7] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a

---

[1] Super. Ct. Civ. R. 41(b).

[2] *United Vanguard Fund, Inc. v. Takecare, Inc.*, 693 A.2d 1076, 1079 (Del. May 22, 1997).

[3] Super. Ct. Civ. R. 56(c).

[4] *Fauconier v. USAA Cas. Ins. Co.*, 2010 WL 847289, at *2 (Del. Super. Mar. 1, 2010).

[5] *Id.*

[6] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Aug. 6, 1979).

[7] *Sztybel v. Walgreen*, 2011 WL 2623930, at *2 (Del. Super. June 29, 2011).

matter of law.[8]

## DISCUSSION

First, Defendant moves to have Plaintiff's claim dismissed because of her failure to prosecute the matter properly. As noted, despite repeated efforts and comity on the part of Defendant, Plaintiff has failed to provide even fundamental responses. That has been exaggerated by Plaintiff's prevailing upon the Court for extended flexibility, only to treat that largess casually. Indeed, Plaintiff barely filed her claim within the statutorily permissible time period.

Although Plaintiff's lack of attention to her responsibilities in pursuit of this claim is glaring, the time from filing to the present has been less than 18 months. Defendant's reliance on *Breeding v. Hillandale Farms of Delaware, Inc.*[9] is appropriate, but that case involved a dormancy of over three years. Here, there was some activity within a year of Defendant's Motion.

Accordingly, Defendant's Motion to Dismiss for failure to prosecute is **DENIED**. Nevertheless, Plaintiff is warned that she is now on notice that further dilatory action will subject her to Dismissal.

Next, Defendant moves for Summary Judgment because of the absence of medical expert testimony to support any claim for related injury, as is required.[10] Because, as mentioned, Plaintiff was afforded the extended ability to provide

---

[8] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[9] 2011 WL 378847 Del. Super.

[10] *Rayfield v. Power*, 840 A.2d 642 (Del. 2003).

expert discovery to Defendant, which would not been foreclosed until February 28, 2017, Defendant's Motion is some two months premature. For that reason, Defendant's Motion for Summary Judgment is, for that time period, **DENIED**.

      **SO ORDERED** this 28th day of December, 2016.

                      /s/ Robert B. Young
                                 J.

RBY/lmc
*Via File & ServeXpress*
cc:     Counsel
         Opinion Distribution