# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| CHARLES LOVETT,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | C.A. NO. N24C-05-155 DJB |
| BAYSHORE FORD TRUCK SALES,<br>INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>) | |

Date Submitted:  July 9, 2025
Date Decided:  September 3, 2025

**Memorandum Opinion on Defendant's Motion to Dismiss/Summary
Judgment - GRANTED**

Charles Lovett, *Plaintiff, pro se*

William Crawford, Esquire, Franklin & Prokopik, Newark, Delaware, *attorney for
Defendant*

**BRENNAN, J.**

This civil action arises from Plaintiff Charles Lovett's purchase of a 2014 International 4300 4x2 Van Truck ("Vehicle").[1] Defendant Bayshore Ford Truck Sales, Inc. (hereinafter "Bayshore") owned the Vehicle and cosigned it to Richie Brother's Auctioneers (hereinafter "Richie Bros") for sale at an auction.[2] Plaintiff, who acted as the sole agent and operator of his now-defunct LLC, placed the winning bid on the Vehicle and later discovered defects, effectively rendering it inoperable.[3] As a result, Plaintiff individually brought negligence and breach of contract claims against the Defendant essentially seeking compensatory, punitive damages and reasonable attorneys' fees and costs.[4]

Defendant moved to dismiss on standing. During the briefing and argument process, both parties requested the motion be reviewed alternatively as one for summary judgment; various additional legal arguments were presented on behalf of both sides. Ultimately, Plaintiff lacks standing as an individual to make a claim on behalf of his now-defunct LLC, and as a result cannot legally bring this cause of action.

---

[1] *Charles Lovett v. Bayshore Ford Truck Sales, Inc.* Case No. N24C-05-155 DJB, Docket Item (hereinafter "D.I") 1.
[2] *See* Plaintiff's Complaint ("Compl."), D.I. 1 ¶ 15.
[3] *Id.* at ¶ 17.
[4] *Id.* at ¶ 88-92.

## I. RELEVANT FACTS

Plaintiff, on behalf of now-defunct C&R Transport Services, LLC (hereinafter "C&R Transport Services" or "C&R"), attended an auction run by the Richie Bros at which he placed the winning bid of $47,252.50 on the Vehicle.[5] While Plaintiff was the sole owner of C&R Transport Services, C&R Transport Services was listed as the purchaser.[6] Even though Plaintiff attended the Auction and took out a loan to secure the purchase of the Vehicle, the sale contract still listed C&R Transport Services, LLC, as the purchaser of the Vehicle.[7] All of Plaintiff's actions were taken on behalf of his role in running C&R Transport Services.

Before bidding on the Vehicle, Plaintiff contends he reviewed and relied upon Defendant's affidavit submitted before selling the car to Richie Bros. Defendant attested the Vehicle was in good working condition, suitable for commercial use, and free from major defects.[8] However, when Plaintiff received the Vehicle and upon inspection, Plaintiff learned of defects rendering the Vehicle "inoperable and unsuitable for its intended commercial use."[9] Plaintiff alleges the defects included "problems with the engine, transmission, electrical system, and other critical

---

[5] *Id.* at ¶ 16.
[6] *Id.* at ¶ 14.
[7] *See* Defendant's MJP, D.I. 22.
[8] D.I. 1 ¶ 23.
[9] *Id.* at ¶ 17; *See also* D.I. 20, Exhibit A.

2

components."[10]  Plaintiff submits Defendant falsely represented the condition of the Vehicle to deceive himself and other buyers.[11]

When Plaintiff placed a bid on the Vehicle at a Richie Bro's auction, he executed a terms of sale agreement in his capacity as sole owner of C&R.[12]  The executed agreement warned:

> THERE SHALL BE NO GUARANTEES OR WARRANTIES, EXPRESSED OR IMPLIED, STATUTORY OR OTHERWISE OF ANY NATURE WHATSOEVER IN RESPECT OF THE LOTS OFFERED AT THE AUCTION.  EACH AND EVERY LOT WILL BE SOLD 'AS IS, WHERE IS'.  SPECIFICALLY, BUT WITHOUT LIMITATION, WE MAKE NO REPRESENTATION OR WARRANTY THAT ANY OF THE LOTS: (A) CONFORM TO ANY STANDARD IN RESPECT OF SAFETY, POLLUTION OR HAZARDOUS MATERIAL OR TO ANY STANDARD OR REQUIREMENT OF ANY APPLICABLE AUTHORITY, LAW OR REGULATION, OR (B) ARE FIT FOR ANY PARTICULAR PURPOSE.[13]

Additionally, the agreement provided, "YOU FURTHER AGREE TO REPAIR, AT YOUR COST, ANY LOT PURCHASED AT THE AUCTION TO A SAFE OPERATING CONDITION."[14]  C&R is the listed buyer on the sales invoice agreeing to the provided terms.[15]

---

[10] *Id.*
[11] *Id.* at ¶ 24.
[12] D.I. 16, Exhibit B.
[13] *Id.*
[14] *Id.*
[15] D.I. 42, ¶ 2.

## II. PROCEDURAL HISTORY

Plaintiff filed his initial Complaint against Defendant on May 20, 2024.[16] Defendant answered on July 15, 2024, and later amended that Answer on July 24, 2024.[17] Plaintiff filed a "Reply" to the Answer on July 30, 2024, which was accepted by the Court.[18] A Scheduling Order ensued, which set trial dates and discovery deadlines.[19] On August 5, 2024 Plaintiff amended his "Reply."[20] As a result, Defendant moved to strike Plaintiff's Amended Reply on August 13, 2024.[21] At the same time Defendant filed a Motion for Judgment on the Pleadings asserting Plaintiff, as an individual, lacks standing to challenge the sale C&R executed.[22] Additionally, Defendant argued the "as is" sale and the Terms of Sale Agreement both adequately waived any guarantees or warranties for the Vehicle.[23]

A hearing on the Motion to Strike was scheduled for September 17, 2024.[24] Prior to the hearing, on September 11, 2024, Plaintiff filed a Motion to Extend

---

[16] D.I. 1.
[17] D.I. 15 and 16.
[18] D.I. 18.
[19] D.I. 19.
[20] D.I. 20.
[21] D.I. 21.
[22] *See* Defendant's MJP, D.I. 22.
[23] *Id.*
[24] D.I. 26.

seeking more time to file an expert report.[25] The Court granted Plaintiff's request and allotted sixty (60) additional days to file any expert report.[26]

All parties were present at the September 2024 hearing where the Court granted Defendant's Motion to Strike.[27] The then-pending Motion for Judgment on the Pleadings was not addressed, as oral argument was scheduled for October 25, 2024.[28] However, in response to Plaintiff's questions, the Court explained to Plaintiff the procedure for the still pending motion, neutrally explained the allegations, and relayed the importance of investigating obtaining counsel for this matter given the allegations in the motion. At that time, Plaintiff indicated he intended to hire Delaware counsel to represent him moving forward. On September 26, 2024, Plaintiff filed his *pro se* Response to Defendant's Motion.[29] Defendant replied on October 3, 2024.[30]

Plaintiff failed to appear at the October 24, 2024, oral argument.[31] As a result, the Court granted the Motion for Judgment on the Pleadings without prejudice. The Order afforded Plaintiff thirty (30) days to provide good cause for his absence if he

---

[25] D.I. 27. The trial scheduling order indicated the expert report was due by September 6, 2024.

[26] D.I. 28. Plaintiff requested additional time based upon efforts to obtain counsel. No expert report was ultimately filed.

[27] D.I. 29.

[28] D.I. 24.

[29] D.I. 30.

[30] D.I. 31.

[31] D.I. 33.

wished to reopen the motion and case.[32] On December 2, 2024, Plaintiff wrote to the Court stating he "inadvertently overslept" which caused him to miss the hearing. Plaintiff continued that the day before, he "attended a doctor's appointment where [he] received a minor medical injection … and … had an adverse allergic reaction and was prescribed medication to counteract it, which included drowsiness as a side effect."[33] Plaintiff provided the Court a letter from his treating physician describing the procedure on October 24, 2024.[34] In light of Plaintiff's filings the Court again scheduled oral argument on the Motion for Judgment on the Pleadings.[35]

Both parties were present at oral argument on March 24, 2025.[36] And again, Defendant challenged Plaintiff's standing as an individual to bring this suit. Plaintiff maintained his argument that he was acting as an individual who owned C&R, an admitted business entity. Plaintiff argued because C&R has since dissolved, he has standing as an individual since he was the sole owner and operator of C&R.

The Court found that while C&R had properly dissolved, the Complaint nonetheless articulates damages on behalf of a business entity, not Plaintiff

---

[32] D.I. 32.
[33] D.I. 34.
[34] D.I. 35.
[35] D.I. 36.
[36] D.I. 40.

individually.[37]  The Court provided Plaintiff thirty (30) days to file an Amended Complaint addressing legal standing.[38]  In the event Plaintiff continued to argue an individual can bring a legal claim on behalf of an LLC, he was instructed to clearly articulate legal authority supporting that proposition.[39]

Plaintiff's *pro se* Amended Complaint was filed on April 3, 2025.[40] Defendant filed the instant Motion to Dismiss on April 8, 2025.[41]  Plaintiff filed his Opposition on April 15, 2025.[42]  Oral argument was heard on June 9, 2025.[43] Following argument, Plaintiff was provided with additional time to supplement his filings with respect to standing, as he now argued that he was a guarantor of the loan to C&R, which affords him standing as an individual.  On June 23 & 24, 2025, Plaintiff submitted additional documents to the Court.[44]  Defendant responded on July 3, 2025.[45]  Plaintiff filed an additional letter on July 10, 2025, responding to Defendant's arguments on July 3.[46]  The matter is now ripe for decision.  This is the Court's Opinion **GRANTING** the Motion to Dismiss.

---

[37] D.I. 39.
[38] *Id.*
[39] *Id.*
[40] D.I. 41.
[41] D.I. 42.
[42] D.I. 47.
[43] D.I. 45.
[44] D.I. 49, 50.
[45] D.I. 51.
[46] D.I. 52.  Plaintiff's letter was dated July 5, however, it was received by the Court on July 9 and docketed on July 10.

## III. STANDARD OF REVIEW

Under Superior Court Civil Rule 12(b)(6), the court must decide whether there are any reasonably conceivable set of circumstances, susceptible of proof, upon which a plaintiff may recover.[47] Pursuant to Rule12 (b)(6), the Court will accept all well pleaded factual allegations as true, accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, and draw all reasonable inferences in favor of the non-moving party. The Court will not dismiss the claims unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[48] While the Court cannot accept unsupported, conclusory allegations or draw unreasonable inferences in favor of the non-moving party,[49] "if any reasonable conception can be formulated to allow Plaintiffs' recovery, the motion must be denied."[50]

Allegations of fraud must be pled with particularity. Delaware is a "notice pleading" state, therefore in most civil actions, a plaintiff must simply provide a

---

[47] *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. 2018) (quoting Super. Ct. Civ. R. 12(b)(6)).

[48] *Id.* (quoting *Central Mortgage Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011)).

[49] *Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *11 (Del. Super. Ct. Aug. 16, 2021) (citing *Prince v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), overruled on other grounds by *Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018)).

[50] *Vinton*, 189 A.3d at 700 (citing *Cent. Mortg. Co.*, 27 A.3d at 535).

short and plain statement which gives a defendant fair notice of a claim.[51] This pleading standard is heightened when a plaintiff asserts allegations of fraud. Superior Court Civil Rule 9(b) controls, and requires "all averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake [to] be stated with particularity."[52] Failure to plead with sufficient particularity can warrant dismissal of a fraud claim.[53]

Motions to dismiss can be converted into a motion for summary judgment.[54] When reviewing a motion for summary judgment under Rule 56, the Court must determine whether any genuine issues of material fact exist.[55] The moving party bears the burden of showing that there are no genuine issues of material fact to be entitled to judgment as a matter of law.[56] The Court will not grant summary judgment if it appears that there is a material fact in dispute or that further inquiry into the facts would be appropriate.[57] In determining whether a genuine issue of

---

[51] *Avve, Inc. v. Upstack Technologies, Inc.*, 2019 WL 1643752, *5 (Del. Super. Apr. 12, 2019)

[52] Super. Ct. Civ. R. 9(b).

[53] *Id.*

[54] Super. Ct. Civ. R. 12.

[55] *Radulski v. Liberty Mut. Fire Ins. Co.*, 2020 WL 8676027, at *3 (Del. Super. Ct. Oct. 28, 2020).

[56] *Id.*

[57] *Legion Partners Asset Mgmt., LLC v. Underwriters at Lloyds London*, 2021 WL 6621168, at *6 (Del. Super. Ct. Sept. 30, 2021).

material fact exists, the Court must view the facts in the light most favorable to the non-moving party.[58]

The standard for summary judgment is not altered when the parties have filed cross-motions for summary judgment.[59] Cross-motions for summary judgment are not "*per se*" concessions that no genuine issue of material fact exists.[60] "But, where cross-motions for summary judgment are filed and neither party argues the existence of a genuine issue of material fact, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the [submitted record]."[61]

## IV. ANALYSIS

Plaintiff's Amended Complaint again brings tort and breach of contract claims against Defendant for allegedly misrepresenting the Vehicle's condition before selling the Vehicle to Richie Bros.[62] At the Court's direction, Plaintiff's Amended Complaint addressed the standing issue and acknowledged "he lacks authority to represent the dissolved entity without counsel."[63] However, Plaintiff asserted his individual standing is appropriate given the damages he personally suffered

---

[58] *Capano v. Lockwood*, 2013 WL 2724634, at *2 (Del. Super. Ct. Feb. 20, 2013).
[59] *Legion*, 2021 WL 6622168, at *6.
[60] *United Vanguard Fund, Inc. v. TakeCare, Inc.*, 693 A.2d 1076, 1079 (Del. 1997).
[61] *Radulski*, 2020 WL 8676027, at *4 (internal quotation marks omitted).
[62] *See* Amended Complaint, D.I. 41.
[63] *Id.* at ¶1.

"stemming from his role as personal guarantor of the loan used to purchase the Vehicle, which resulted in significant personal financial harm."[64]

In lieu of an Answer, Defendant filed the instant Motion to Dismiss alleging Plaintiff's personal guarantee of the loan used to purchase the Vehicle fails to show how the sale between C&R and Richie Bros resulted in harm to Plaintiff individually.[65] Defendant submits C&R, the purchaser, is the proper plaintiff regardless of Plaintiff's loan, and asserts the Amended Complaint lacks legal authority showing an individual can represent the interest of an LLC as a *pro se* litigant.[66]

Plaintiff's Reply cites to *Norton v. Poplos*[67] and *Lock v. Schreppler*[68] as purportedly supportive authority for the proposition that Plaintiff has standing "as a third party harmed by fraudulent misrepresentation, even without privity of contract."[69] Upon review of both cases, it appears neither *Norton* nor *Lock* involve

---

[64] *Id.* at p. 2.
[65] D.I. 42, ¶ 8.
[66] *Id.* at ¶ 7.
[67] 443 A.2d 1 (Del. 1982). After the suit was started, but before trial, the property was sold to a third party. However, the case does not analyze the third party's rights, nor does the opinion discuss suing on behalf of another party's interests. The suit is between the seller and buyer regarding whether proper disclosures were made during the sale of real property.
[68] 426 A.2d 856, 862 (Del. Super. Jan. 28, 1981). The Court briefly mentions a third party to address how the defendant being a real estate broker, not the vendor, does not affect the broker's duty to, upon disclosing the termite issue, fully inform the buyers about the extent of the problem.
[69] D.I. 47, ¶¶ 12, 14.

third party standing or a *pro se* individual suing on behalf of a business entity's interest. Instead, *Norton* analyzes the right to rescind a contract for the purchase of real property where the buyer was unaware of the land's zoning restriction before purchase, and *Lock* considers whether a realtor defrauded buyers of a house with extensive terminate damage. In both these cases the plaintiffs are listed buyers in the applicable sale contracts.

The factual circumstances in *Norton* and *Lock* are different from those present here, where Plaintiff asserted he personally suffered damages from the sale his business entity made. As acknowledged, under Delaware law a corporation "is regarded as an artificial or fictional entity, not a natural person" and may not appear in court nor conduct business therein without representation.[70] An LCC similarly cannot appear in court without representation by Delaware counsel, because LLCs, like corporations, are distinct artificial entities.[71] Thus, when an individual makes a purchase in their capacity acting on behalf on an LLC, that individual does not have

---

[70] *Poore v. Fox Hollow Enterprises,* 1994 WL 150872, at *2 (Del. Super. Ct. Mar. 29, 1994) (quoting *Transpolymer Industries, Inc. v. Chapel Main Corp.*, 582 A.2d 936 (Table) (Del. 1990).

[71] *Id.* at *2; *see also Katz v. Maffett*, 2020 WL 113912, at * 2 (Del. Super. Ct. Jan. 9, 2020) (holding that "[w]hile Plaintiff may have caused [the LLC] to purchase the Property, [Plaintiff's LLC], not Plaintiff, actually purchased the Property. Therefore…Plaintiff lacks standing to pursue a claim of intentional misrepresentation").

standing to bring subsequent suits regarding the exchange because the LLC executed the purchase and is the proper plaintiff.[72]

While Plaintiff acknowledged counsel is required if the actions are being brought on behalf of his former LLC, he nonetheless asserts individual standing is appropriate.[73] No legal basis supports this conclusion. "The party invoking the jurisdiction of a court bears the burden of establishing the elements of standing."[74] To establish standing a plaintiff must:

> (1) allege an injury in fact, which is both concrete and actual or imminent such that [a]n actual or imminent injury is one that is neither hypothetical nor conjectural; (2) show that the injury is caused by the defendant's actions, meaning that the injury is fairly traceable to the defendant's complained-of-conduct; and (3) show that their requested relief is likely to redress the injury.[75]

Plaintiff argues taking out a loan in June of 2022 to purchase the Vehicle meets the requisite elements of standing, which permits his individual claims against Defendant. While Plaintiff may have personally guaranteed a loan to secure purchase of the Vehicle, doing so does not necessarily mean Plaintiff executed the sale. The sale invoice reflects C&R signed the terms of sale agreement provided by

---

[72] *Katz*, 2020 WL 113912, at * 2; *but see Clark v. Davenport*, 2019 WL 3230928, at *14 (Del. Ch. July 18, 2019) (finding plaintiff had individual standing to bring a direct action against the individuals who fraudulently induced him to create a special purpose entity that jointly invested in Defendant's fraudulent scheme).
[73] D.I. 41 and 47.
[74] *Dover Hist. Soc'y v. City of Dover Plan. Comm'n*, 838 A.2d 1103, 1110 (Del. 2003).
[75] *Albence v. Menella*, 320 A.3d 212, 220 (Del. 2024) (internal quotations omitted).

Richie Bros, authorizing the Vehicle's purchase at auction.[76] "As a general matter, only a party to a contract has standing to enforce it."[77] Thus Plaintiff, without being a party to the sale contract, cannot use the contract as a basis for legal claims.

As the listed buyer, C&R has standing to bring claims resulting from the Vehicle's sale. Therefore, despite being sole owner of C&R who acted on behalf of C&R during the auction sale, Plaintiff was not the buyer and therefore cannot pursue legal claims resulting from the sale. The documents Plaintiff submitted attempting to show that as a guarantor, he has standing to sue are unavailing. Further, his allegations that the Affidavit submitted show fraud fall short. There is nothing in the documents provided which can overcome the ultimate standing issue.

## V. CONCLUSION

While the Court is sympathetic to Plaintiff's predicament, the law does not support his claims as brought. Drawing all reasonable inferences in favor of Plaintiff, and after providing Plaintiff ample opportunity to address the legal challenges presented, Plaintiff has failed to meet his burden. Whether reviewed as a motion to dismiss or one for summary judgment, there is no reasonable conception that can be formulated to allow Plaintiff's recovery in this suit. Nor is any material

---

[76] D.I. 42, ¶ 2.
[77] *Florida Chem. Co., LLC v. Flotek Indus., Inc.*, 262 A.3d 1066, 1084 (Del. Ch. 2021).

14

fact in issue.  Therefore, the motion to dismiss/cross-motion for summary judgment

is **GRANTED.**

_____
Danielle J. Brennan, Judge


cc:    All parties via File and Serve
       (Hard Copy to be mailed to *pro se* Plaintiff)