# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KEVIN MCDONALD and
HILLARY MCDONALD, his wife

                Plaintiffs,

    v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY (GEICO)

                Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

C.A. No.: N22C-02-204 FJJ

*Submitted: October 27, 2023*
*Decided: November 3, 2023*

## OPINION AND ORDER

*On the Parties' Cross Motions for Summary Judgment*

**Plaintiffs' Motion GRANTED; Defendants' Motion DENIED**

*Bernard A. Van Ogtrop, Esquire, and Jared Green, Esquire,* Wilmington, Delaware, *Attorneys for Plaintiffs*

*Robert J. Cahall, Esquire,* Newark, Delaware, *Attorney for Defendant*

**Jones, J.**

This case involves a claim for Uninsured/Underinsured Motorist benefits ("UM/UIM") under a policy issued to the Plaintiffs, Kevin and Hillary McDonald ("Plaintiffs"), by Government Employees Insurance Company ("GEICO").

The present issue before the Court is the parties' Cross Motions for Summary Judgment on whether the Plaintiffs may reform the policy to increase the UM/UIM coverage to match the liability coverage. The question is whether GEICO communicated to Plaintiffs a meaningful offer of UM/UIM coverage up to the limits of their liability policy.

For the reasons stated below, this Court finds that GEICO did not make a meaningful offer of UM/UIM coverage to the Plaintiffs and that the Plaintiffs are entitled to have the policy reformed. GEICO's Motion for Summary Judgment is **DENIED**. Plaintiffs' Cross Motion for Summary Judgment is **GRANTED** as to the reformation issue.

## STANDARD OF REVIEW

Summary judgment is appropriate when the record "shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[1] The moving party bears the burden of establishing the nonexistence of material issues of fact.[2] The burden then shifts to the nonmoving party to establish

---

[1] Del. Super. Ct. Civ. R. 56(c).
[2] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

1

the existence of material issues of fact.[3]  In considering the motion, the Court must view the evidence in a light most favorable to the nonmoving party and accept the nonmovant's version of any disputed facts.[4]

These well-established standards and rules for summary judgment apply in full when the parties have filed cross-motions for summary judgment.[5]  Cross-motions for summary judgement "are not *per se*" concessions that no material factual disputes exists.[6]  But where cross-motions for summary judgment are filed, and neither party argues the existence of a genuine issue of material fact, "the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the record submitted with them."[7]  So, the questions before this Court are questions of law not fact, and the parties, by filing cross motions for summary judgment, have in effect stipulated that the issues raised by the motions are ripe for a decision on the merits.[8]

## FACTS

The parties have filed a stipulated set of facts which reveal the following:

[3] *See Id.* at 681.
[4] *See Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted).
[5] *Spivey v. USAA Casualty Ins. Co*., 2017 WL 3500402,  at *4 (Del. Super. Aug 15, 2017).
[6] *Unites Vanguard Fund, Inc. v. TakeCare, Inc.*, 693 A.2d 1076, 1079 (Del. 1997).
[7] Del. Super. Ct. Civ. R. 56(h).
[8] *Id.*

Plaintiffs have been insured by GEICO since November 22, 2013. In November 2013, Plaintiffs elected liability coverage in the amount of $100,000/$300,000 and UM/UIM coverage in the amount of $25,000/$50,000.

After the initial sign up with GEICO, all of Plaintiffs' interactions with GEICO, with respect to any material changes in the policy, were conducted online.

On December 31, 2020, a 2021 Mazda CX-5 was added to the policy. This addition of the Mazda constituted the last material change to the policy prior to the motor vehicle accident of November 30, 2021 that is at issue in this case.

On or about January 1, 2021, Kevin McDonald received email notification that his updated auto paperwork was being made available to him through his online GEICO account, containing a link which, when selected, would allow the policyholder to review the corresponding insurance policy documents at the online GEICO account. Once this link was utilized, Mr. McDonald was able to access and review a document[9] that was 25 pages in length. The first 6 pages of the document contained a letter and the relevant insurance cards. Pages 7 through 9 contained the Declaration sheet. Page 12 and 13 contained the following document[10]:

---

[9] *See Kevin McDonald, et. al. v. GEICO*, Exhibit H (Jan. 1, 2021).
[10] *See Kevin McDonald, et. al. v. GEICO*, Exhibit H, at 12-13 (Jan. 1, 2021).

# POLICYHOLDER - PLEASE SIGN ON PAGE 3 & RETURN ALL 5 PAGES



## STATE OF DELAWARE-INSURANCE DEPARTMENT

| DELAWARE MOTORISTS PROTECTION ACT | **FORM A** |
|---|---|
| **REQUIRED STATEMENT TO POLICYHOLDERS** | **REVISED 09-01-2017** |
| | **EFFECTIVE 12-13-17** |

The owner of a motor vehicle registered in the State of Delaware is required to purchase at least the following minimum insurance coverages and limits of liability under the Delaware Motorists Protection Act.

- Bodily Injury Liability:       ($25,000 each person; $50,000 each accident)
- Property Damage Liability:       ($10,000 each accident)
- Personal Injury Protection:       ($15,000 each person; $30,000 each accident)
- Damage to Property Other Than a Motor Vehicle     ($10,000)

INSURED  Kevin Oneill McDonald       POLICY NO.  4336-04-70-40

CO.  GEICO Advantage Insurance Company      EFF. 01/25/21   EXP. 07/25/21
VEHICLE  See Coverage 4.

| A. COVERAGES | B. OPTIONS (YOU MUST SELECT LIMITS AND COVERAGE DESIRED) | | C. SELECTION |
|---|---|---|---|
| 1. BODILY INJURY LIABILITY (Compulsory) | I WANT<br>1. Limits as Shown in Column C<br>2. Minimum Limits | ☒<br>☐ | Bodily Injury Limits<br>Each Person/ Each Accident<br>$100,000/$300,000 |
| 2. PROPERTY DAMAGE LIABILITY (Compulsory) | I WANT<br>1. Limits as Shown in Column C<br>2. Minimum Limits | ☒<br>☐ | Property Damage Limits<br>$100,000 |
| 3. NO-FAULT (Compulsory) (Additional Personal Injury Protection available by selecting higher limits) | I WANT<br>1. Add'l Limits as Shown in Column C<br>2. Minimum Limits | ☒<br>☐ | Personal Injury Protection Limits *<br>Each Person / Each Accident<br>$50,000/$100,000 |
| | 3. Full Coverage with no Deductible * | | Yes  _X_  No ___<br>cost** $108.23 |
| | 4. Deductible Applicable to Named Insured only * | ☐ | DEDUCTIBLE *    COST ** |
| | 5. Deductible Applicable to Named Insured and Members of his household * | ☐ | |
| | 6. (Motorcycle Risks Only) Restricted Coverage - Excludes off the highway accidents when no other motor vehicle is involved. | ☐ | DEDUCTIBLE<br>☐ $250    ☐ $500<br>☐ cost-    ☐ cost-<br>☐ $1,000<br>☐ cost- |

\* PLEASE SEE PAGE 4 OF THIS FORM FOR ALL AVAILABLE NO-FAULT LIMITS, DEDUCTIBLES AND COSTS
\*\* The cost indicated here is the total Personal Injury Protection premium for all autos insured under this policy.

| A. COVERAGES | B. OPTIONS | | C. SELECTION |
|---|---|---|---|
| 4. PHYSICAL DAMAGE (Optional) | I WANT | | DEDUCTIBLE |
| 20 Honda | 1. Collision [X] | To Reject This Coverage Entirely ☐ | $500 Ded |
| 1HGCV1F32LA144770 | 2. Comprehensive [X] | To Reject This Coverage Entirely ☐ | $500 Ded |
| 21 Mazda | 1. Collision [X] | To Reject This Coverage Entirely ☐ | $500 Ded |
| JM3KFBBM0M1332207 | 2. Comprehensive [X] | To Reject This Coverage Entirely ☐ | $500 Ded |
| | 1. Collision ☐ | To Reject This Coverage Entirely ☐ | |
| | 2. Comprehensive ☐ | To Reject This Coverage Entirely ☐ | |
| | 1. Collision ☐ | To Reject This Coverage Entirely ☐ | |
| | 2. Comprehensive ☐ | To Reject This Coverage Entirely ☐ | |
| | 1. Collision ☐ | To Reject This Coverage Entirely ☐ | |
| | 2. Comprehensive ☐ | To Reject This Coverage Entirely ☐ | |
| | 1. Collision ☐ | To Reject This Coverage Entirely ☐ | |
| | 2. Comprehensive ☐ | To Reject This Coverage Entirely ☐ | |
| | 1. Collision ☐ | To Reject This Coverage Entirely ☐ | |
| | 2. Comprehensive ☐ | To Reject This Coverage Entirely ☐ | |
| | 1. Collision ☐ | To Reject This Coverage Entirely ☐ | |
| | 2. Comprehensive ☐ | To Reject This Coverage Entirely ☐ | |

### 5. CAR RENTAL EXPENSE (Optional)

| | | | Per Day | Maximum | |
|---|---|---|---|---|---|
| 20 | Honda | 1HGCV1F32LA144770 | $30 | $900 | Yes _X_ No ___ |
| 21 | Mazda | JM3KFBBM0M1332207 | $30 | $900 | Yes _X_ No ___ |
| | | | | | Yes ___ No ___ |
| | | | | | Yes ___ No ___ |
| | | | | | Yes ___ No ___ |
| | | | | | Yes ___ No ___ |
| | | | | | Yes ___ No ___ |
| | | | | | Yes ___ No ___ |
| | | | | | Yes ___ No ___ |
| | | | | | Yes ___ No ___ |

| 6. UNINSURED/UNDER-INSURED VEHICLE COVERAGE* | I WANT | | LIMITS Each Person/Each Accident |
|---|---|---|---|
| (Optional)(Available in Limits up to the Bodily Injury Liability Limits or $300,000/$300,000 whichever is less) | 1. Minimum Limits $25,000/$50,000 [X]<br>2. Bodily Injury Liability Policy Limit ☐<br>3. Other - Specify in Column C ☐<br>4. To reject this coverage entirely ☐ | | PLEASE SEE PAGE 5 OF THIS FORM FOR ALL AVAILABLE LIMITS AND COSTS. |

*Uninsured/Underinsured Motorist Coverage is not mandatory, but it is required that the coverage be offered to all policyholders. This coverage is designed to pay damages for injuries that could be received in accidents caused by drivers of uninsured and underinsured vehicles. This includes $10,000 Property Damage Coverage, which applies only to accidents with uninsured vehicles and is subject to a $250 deductible.

Page 16 contained the following document[11]:

**PLEASE SIGN ON PAGE 3 & RETURN ALL 5 PAGES**

**UNINSURED/UNDERINSURED MOTORIST COVERAGE (OPTIONAL)**

**AVAILABLE LIMITS AND PREMIUM**

**The same limits of coverage must be carried on all vehicles.**

|  | VEHICLE 1 | VEHICLE 2 |
|---|---|---|
| $25,000/$50,000 | $31.31 | $31.31 |
| $50,000/$100,000 | $45.42 | $45.42 |
| $100,000/$200,000 | $60.76 | $60.76 |
| $100,000/$300,000 | $65.78 | $65.78 |
| $300,000/$300,000 | $78.30 | $78.30 |






GHV316DE (08-17) Tier J  Page 5 of 5          Policy No.: 4336-04-70-40          **Endorsement** Page 16 of 25

---

[11] *See Kevin McDonald, et. al. v. GEICO*, Exhibit H, at 16 (Jan 1, 2021).

The remaining pages contained additional material that is not relevant to the instant motion.

## 18 Del. C. §3902(b) and the "Meaningful Offer" Standard

18 *Del.C.* §3902(b) provides in part:

> Every insurer shall offer to the insured the option to purchase additional coverage for personal injury or death up to a limit of $100,000 per person and $300,000 per accident or $300,000 single limit, but not to exceed the limits for bodily injury liability set forth in the basic policy. Such additional insurance shall include underinsured bodily injury liability coverage.[12]

Where the insured has liability limits above the minimum required under Delaware law, an insurer has an affirmative duty to offer UM/UIM coverage in the same amount as the liability coverage.[13] When an insured makes a material change to the policy, §3902(b) requires the insurer to make another offer of additional coverage beyond what the insured had already purchased.[14] Changing or adding vehicles to a policy is considered a material change.[15]

If the offer language is challenged, the insurer bears the burden of demonstrating compliance with §3902(b).[16] To carry this burden, the insurer must demonstrate that the offer included: (1) the cost of the additional coverage; (2) a

---

[12] 18 Del. C. §3902(b).
[13] *Shukitt v. USAA*, 2003 WL 22048222 (Del. Super. 2003).
[14] *State Farm Mut. Auto. Ins. Co. v. Arms*, 477 A.2d 1060, 1065 (Del. 1984); *Mason v. USAA*, 697 A.2d 388, 394 (Del. 1997); *Vera v. Progressive Northern Insurance Company*, 286 A.3d 967, 986-987 (Del. Super. 2022).
[15] *Shukitt*, 2003 WL 22048222; *Patilla v. Aetna Life & Casualty Co.*, 1993 WL 189473 (Del. Super. 1993).
[16] *Shukitt, 2003 WL 22048222, at *3.*

communication to the insured which clearly offers UM/UIM coverage; and (3) an offer for UM/UIM is made in the same manner and with the same emphasis as the insurer's other coverage.[17] If the insurer cannot meet this burden, then Delaware courts treat the offer as a continuing offer for additional coverage, which the insured may accept, even after the insured's accident.[18] It is presumed that the policyholder would accept the coverage.[19] Thus, if no meaningful offer has been made, the Court must reform the policy to increase the policyholder's UM/UIM coverage to match the liability coverage limits.[20]

Several cases have addressed what constitutes a meaningful offer. The leading case is *Mason v. USAA*.[21] In *Mason*, the Supreme Court held that USAA failed to satisfy its burden of proving that it made a meaningful offer for additional UM/UIM coverage.[22] USAA sent a 50-page insurance renewal packet to the insured every six months.[23] The Supreme Court found that USAA's offers were ambiguous because of the location of the offers in the packet, as well as, the offer's lack of emphasis.[24] Of relevance to the instant case, the Supreme Court in *Mason* wrote:

> "The relevant language was not in a separate section nor
> highlighted in any manner, but loosely spread throughout
> eight pages of text. Most importantly, the text (did) not

---

[17] *Shukitt, 2003 WL 22048222; Hudson v. Colonial Penn Ins. Co.*, 1993 WL 331168, at *7
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Mason v. United Service Auto. Ass'n.*, 697 A.2d 388 (Del. 1997).
[22] *Id.* at 394.
[23] *Id.* at 390.
[24] *Id.* at 394.

8

clearly state that an offer of additional insurance (was) being made. Rather the materials merely obliquely indicated that additional coverage was available."[25]

*Knapp v. USAA*[26] and *Shukitt v. USAA*[27] followed *Mason*. Both *Knapp* and *Shukitt* turned on the lack of a clear offer. In *Shukitt*, Judge Slights recognized that, while the language was not buried in the paperwork as it was in *Mason*, the language failed to contain a clear offer of additional coverage.[28] Judge Slights wrote:

> "…[m]ost importantly, the text [did] not clearly state that an offer of additional insurance [was] being made." The court considered these deficiencies in the context of the doctrine of *contra proferendum*: "[if] an insurance contract is ambiguous (as here) it must be construed against the insurance carrier that drafted it."[29]

In contrast to the trio of the *USAA cases* cited above are the decisions in *Brintzenhoff v. Hartford Underwrites Ins. Co.*[30] and *Spivey v USAA*[31]. In *Brintzenhoff*, the Court found that the carrier had met its burden because the language sent to the policyholder stated in <u>bold print</u> that Hartford <u>recommended</u> that its policyholder include UM/UIM coverage in his policy at limits equal to his liability limits.[32] Similarly, in *Spivey*, the Court found that the carrier had met its

---

[25] *Id.*
[26] *Knapp v. United Service Auto. Ass'n.*, 1997 WL 719340 (Del. Super. 1997).
[27] *Shukitt*, 2003 WL 22048222.
[28] *Id.* at *4.
[29] *Id.*
[30] 2004 WL 2191184 (Del. Super. 2004).
[31] 2017 WL 3500402 (Del. Super. 2017).
[32] *Brintzenhoff*, 2004 WL 2191184, at *3.

burden because in the "UM coverage selection options section" it said "**we offer** the following limits for UM."[33]

Having the benefit of this guidance, I now turn to the materials involved in the instant case.

There is no question that GEICO advised the Plaintiffs of the cost of the additional UM/UIM coverage. The question is whether the materials in the December 31, 2021 email made it clear that an offer was being made. There is simply no language in the GEICO documents, as in *Brintzenhoff* or *Spivey,* that says an offer was being made. There is no "recommendation," nor is there language that it is an "offer." The language used by GEICO is more akin to the language in *Mason*, *Knapp*, and *Shukitt*. GEICO's language is merely a succinct recitation of the requirements of §3902(b), with no clear recitation that an offer of additional coverage was being made. In short, a clear offer is lacking.

Given the lack of a clear offer being made, this Court must conclude that GEICO did not comply with the requirements of §3902(b). As such, Plaintiffs are entitled to reform their UM/UIM coverage to $100,000/$300,000, which would be applicable to the accident in question.

---

[33] *Spivey*, 2017 WL 3500402, at *7.

**IT IS SO ORDERED**.

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc:    Counsel via File & ServeXpress

11